BOARDMAN, Judge.
The appellant, Darrell Clifford Spears, was charged by information with breaking and entering a building other than a dwelling house with intent to commit a felony. A jury trial resulted in a conviction as charged and this timely appeal followed.
At the time of the offense charged and arrest the appellant was in the company of several other individuals. One of these individuals, Kenneth Ray Barker, allegedly made a statement that directly implicated the appellant. Barker was subpoenaed by the state but not called as a witness at the trial. Instead, the state was able to get the substance of the Barker statement in the record on redirect examination of the officer who obtained the statement. This testimony was timely objected to on grounds of hearsay and right of confrontation. The trial judge overruled the objection, evidently because he was of the opinion that the defense had opened the door to this inquiry on cross-examination.
We have reviewed the record on appeal and conclude that the admission of this testimony was error. The inquiry of defense counsel, on cross-examination of the officer, into whether any statements had been made to the officer was clearly the laying of a predicate to impeach the validity of any statements made by Ida Ko-pistecki, another participant. There was no such inquiry into the statement made by Barker. As the statement attributed to Barker was the only evidence that directly implicated appellant as a participant in the crime charged, we cannot hold this error to be harmless.
■ On retrial, in the event the state elects to do so, the circumstantial evidence link *25 ing appellant to the offense charged, without the complained-of testimony, may result in a jury verdict of guilty; however, in view of the present posture of the record, we cannot say what weight the jury, in arriving at its verdict, placed on the statement attributed to Barker and testified to by the officer.
Accordingly, the judgment appealed is reversed and the cause remanded for new trial.
Reversed and remanded.
MANN, C. J., and HOBSON, J., concur.