347 So.2d 1079 (1977)
Jeff Davis HINTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-1614.
District Court of Appeal of Florida, Third District.
July 6, 1977.
*1080 Bennett H. Brummer, Public Defender, and Paul Morris, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Margarita Esquiroz, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and BARKDULL and NATHAN, JJ.
PER CURIAM.
Defendant, Jeff Davis Hinton, was charged by information with one count of aggravated battery upon his brother, Carl Hinton, with use of a hatchet. The charge was reduced to aggravated assault. Defendant was tried by jury, found guilty, convicted and sentenced to five years imprisonment. We note that Carl was unavailable for trial since he died from unspecified causes not related to this incident.
The crucial issue at trial was whether the defendant was the assailant, or whether his brother, Carl, was the assailant. During the redirect examination of the investigating officer the prosecutor asked the following question:
Q. In response to a question by [defense] counsel, you indicated that your arrest was predicated upon an identification of Mr. Hinton [the defendant] as the assailant by two witnesses?
A. And the victim, yes, sir. Excuse me  and Carl Hinton [the defendant's brother].
Q. Carl Hinton told you that his assailant was the defendant, his brother, Jeff Hinton?
A. Yes, he did.
Defense counsel objected on hearsay grounds to the testimony that the victim (now deceased) had said that the defendant was his assailant. Defendant also moved for a curative instruction, to strike and for a mistrial. The motions were denied, but the prosecutor was told not to pursue that questioning further. It appears that the trial judge was of the opinion that the defense had opened the door to this inquiry on cross-examination.
On appeal, defendant contends that the court erred in admitting the statement into evidence over objection, and in denying the motions for curative instruction, to strike and for mistrial, as violating his constitutional rights to confrontation, cross-examination and a fair trial.
As a general rule, a party may re-examine a witness about matters brought out on cross-examination. Noeling v. State, 40 So.2d 120 (Fla. 1949). See Marlow v. State, 49 Fla. 7, 38 So. 653 (1905); Stewart v. State, 58 Fla. 97, 50 So. 642 (1909). Testimony is admissible on redirect examination which tends to qualify, limit or explain testimony elicited on cross-examination. Tampa Electric Co. v. Charles, 69 Fla. 27, 67 So. 572 (1915). It is also generally held that the scope of redirect examination rests largely in the discretion of the court. See Yanzito v. Wagner, 244 So.2d 761 (Fla. 1st DCA 1971); 81 Am.Jur. Witnesses, § 425 (1976).
The record reflects that defense counsel cross-examined the investigating officer as to whether he observed the incident, whether he had any idea how the injuries had been inflicted aside from what people had told him; and consequently *1081 whether the "statements from witnesses" were the basis for his arrest of the defendant. The officer responded affirmatively and added Carl Hinton, defendant's brother, the victim, as also having furnished the basis for the arrest. We find that the prosecutor properly pursued this line of inquiry on redirect examination of the officer, where the questions amplified the statements made in response to questions asked on cross-examination by defense counsel to elicit answers favorable to the defense. See 81 Am.Jur.2d, Witnesses § 425, supra.
In seeking reversal, defendant relies heavily on Spears v. State, 301 So.2d 24 (Fla. 2d DCA 1974), but we find this reliance to be misplaced. The record contains direct eyewitness testimony which is more than sufficient to sustain a conviction, without the testimony complained of. First, the prosecutor's redirect examination of the officer on the same subject brought out by defense counsel on cross-examination did not deviate greatly from what had already been elicited by defense counsel on cross-examination. Second, the statement of the witness on redirect was not "the only evidence that directly implicated appellant as a participant in the crime charged." Spears v. State, supra, page 24. The record contains ample direct evidence of defendant's guilt furnished by eyewitnesses to the crime; and a conviction could have been had without the statement at issue. Therefore, we find that no reversible error has been demonstrated.
Affirmed.