520 So.2d 105 (1988)
Willie James MORGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2070.
District Court of Appeal of Florida, Second District.
February 17, 1988.
*106 James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Alan L. Overton, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
Willie James Morgan has appealed from his judgment of conviction and sentence for robbery. We affirm the conviction but vacate the sentence and remand for resentencing.
Morgan has challenged the admission of a detective's testimony disclosing information received from a confidential informant. The detective testified that his source, Eason, told him that another man, Wilson, had told Eason that he, Wilson, and Morgan had committed the crime. Morgan's attorney objected on the ground that the testimony was "double hearsay."
As a general rule, "testimony is admissible on redirect which tends to qualify, explain, or limit cross-examination testimony." Tompkins v. State, 502 So.2d 415, 419 (Fla. 1986). Applying that principle in the present context, the trial judge properly admitted the detective's testimony in the light of the critical fact that Morgan's attorney asked questions during his recross examination of the detective that opened the door for the prosecutor to elicit clarification on further redirect. Morgan's attorney attempted to establish through examination of the detective that he had picked Morgan up for questioning  even prior to his identification by the victim  based upon information given the detective by another individual. The attorney assumed the informant was a person other than Eason, whose credibility he hoped to impeach later in the trial. The detective's response, however, was not as Morgan's attorney had anticipated; it revealed that Eason was the confidential informant. Upon the further redirect examination, the prosecutor asked the detective to state the information Eason had provided which caused him to apprehend Morgan. The hearsay testimony was merely to explain why the detective had questioned Morgan and not to prove the truth of the statement that Morgan had committed the robbery. The trial court *107 pointedly instructed the jury that the evidence was to be considered only for that limited purpose.
Although the defendant has argued that our decision in Spears v. State, 301 So.2d 24 (Fla. 2d DCA 1974), precludes the result we now reach, we find Spears distinguishable. In that case there was no showing that the contested hearsay was offered for any purpose other than to prove the truth of its content. Furthermore, in Spears the hearsay testimony was the only testimony linking the defendant to the crime. Here, by contrast, the evidence of Morgan's involvement in the burglary was substantial and included both in-court and out-of-court identification by the victim. In short, "a conviction could have been had without the statement at issue." Hinton v. State, 347 So.2d 1079, 1081 (Fla. 3d DCA), cert. denied, 354 So.2d 981 (1977). Morgan has not demonstrated reversible error.
Morgan has, however, raised meritorious contentions in attacking his sentence. Rule 3.7012(d)(5)(c) allows juvenile dispositions to be included in prior record if they are "convictions" as described in Rule 3.701(d)(2) but only if they occurred "within three (3) years of the commission of the primary offense." The trial court scored as "prior record" a juvenile determination that Morgan had sold marijuana in 1972, but an adjudication of guilt was withheld. For scoresheet purposes only, the conduct involving marijuana was a juvenile "conviction" in 1972. Fla.R.Crim.P. 3.701(d)(2). That conviction, however, was too remote from the primary offense to be scored.
Furthermore, the trial court's departure from the guidelines recommended sentence was based upon invalid reasons. The first reason  psychological trauma to the victim, can constitute a ground for departure in some instances, see State v. Rousseau, 509 So.2d 281 (Fla. 1987), but not here; there was no evidence that the victim suffered any trauma as a direct result of the crime even though the victim may have been put in fear as a result of post-trial events.
As a second basis for departure the trial court referred to the fact that the "crime was committed by a man against a woman who was working alone at her lawful occupation at 12:44 AM in the morning." The supreme court has recently spoken in connection with this all-too-common scene in Mathis v. State, 515 So.2d 214, 216 (Fla. 1987): "The ... reason, that the victims were female and working alone at night, is invalid because the victims' defenselessness is common to nearly any armed robbery. Nor is the gender of the victims, in and of itself, an appropriate reason for departure."
The trial court's final two departure reasons expressed nothing more than the trial court's disagreement with the sufficiency of the guidelines sentence  an invalid ground for departure. Scott v. State, 508 So.2d 335 (Fla. 1987).
We affirm Morgan's conviction but vacate his sentence and remand for resentencing within the guidelines.
SCHEB, A.C.J., and CAMPBELL, J., concur.