RYDER, Acting Chief Judge.
Appellants/plaintiffs challenge the trial court’s granting a directed verdict and ruling that appellees/defendants are entitled to final judgment. We reverse the final judgment and remand for further proceedings.
Appellants sued appellees to foreclose their mortgage on appellees’ real property. At the nonjury trial, the parties stipulated to the introduction into evidence of a copy of the note and mortgage in place of the original.
During the trial, appellees cross-examined one of appellants on the specific facts underlying the acquisition of the note and mortgage from appellees. However, on redirect examination appellees objected to the question of whether appellant was the owner and holder of the note and mortgage. The court sustained the objection.
At the close of appellants’ case, appellees moved for a directed verdict on the ground that appellants failed to prove they owned the note and mortgage. (Appellees should have moved for involuntary dismissal because this was a nonjury trial, but the same legal principles apply to both motions. In re Estate of McCoy v. Milton, 445 So.2d 680, 683 (Fla. 2d DCA 1984)). The court granted the motion and rendered final judgment in favor of appellees. On appeal, appellants argue that the court should have *907 allowed them to present testimony that they own and hold the note and mortgage. We agree.
During cross-examination, appellees questioned one of the appellants concerning numerous specific facts on how he obtained the note and mortgage. Therefore, on redirect examination appellants were entitled to present testimony which would qualify, explain or limit facts brought out by appellees on cross-examination. Tompkins v. State, 502 So.2d 415, 419 (Fla.1986); cert. denied, — U.S.-, 107 S.Ct. 3277, 97 L.Ed.2d. 781 (1987); Morgan v. State, 520 So.2d 105, 106 (Fla. 2d DCA 1988); Dowell v. State, 516 So.2d 271, 274 (Fla. 2d DCA 1987), review denied, 525 So.2d 877 (Fla.1988). In this case, the trial court should have allowed appellants to present testimony regarding their ownership of the note and mortgage on redirect examination. We therefore reverse the final judgment entered on the directed verdict and remand for further proceedings.
Reversed and remanded.
SCHOONOVER and FRANK, JJ., concur.