555 So.2d 414 (1989)
Craig Donald JENSEN, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2297.
District Court of Appeal of Florida, First District.
December 15, 1989.
Rehearing Denied February 8, 1990.
Michael E. Allen, Public Defender and Kathleen Stover, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
Craig Donald Jensen appeals his conviction and sentence for attempted burglary of a dwelling and criminal mischief. He contends the trial court abused its discretion in admitting evidence of his prior convictions under the Williams rule.[1] Jensen also argues the court erred in finding him a habitual offender and in denying him credit for presentencing jail time. We find no error and affirm.
On March 2, 1988, Jensen was charged with burglary of a dwelling and criminal mischief. At trial the victim testified that in 1985 he had ordered Jensen to stay away from his house and his daughter. The victim's daughter then gave Jensen a key so he could visit after her curfew. Thereafter, a series of burglaries occurred in which Jensen took wristwatches, a video cassette recorder, two rings, cameras, headset radios, a telescope, and approximately $1,000 in cash on at least eight separate occasions.
*415 The same victim further testified that on January 19, 1988, he noticed a baseball-size hole in the window of a spare room. A deputy sheriff lifted a latent fingerprint from the window which was later identified as belonging to Jensen. The jury subsequently found him guilty of attempted burglary of a dwelling and criminal mischief. The state moved to classify Jensen as a habitual offender, and he was sentenced to 10 years in prison as a habitual offender to run concurrently with an earlier sentence imposed for violation of probation.
Jensen argues the admission of evidence of the eight previous burglaries against the same victim and residence had some marginal value in proving intent, but that the prejudicial impact of such evidence far outweighed any probative value. Section 90.404(2)(a) provides that evidence of other crimes, wrongs and acts is admissible if it is probative of a material issue other than the bad character or propensity of an individual. In Williams v. State, the supreme court stated there is a general rule of admissibility of relevant similar fact evidence even though the evidence points to the commission of another crime. In this case the similar fact evidence was presented to prove intent. Evidence is admissible under § 90.404(2) to show intent, which generally is an ultimate issue in the case. Traylor v. State, 498 So.2d 1297 (Fla. 1st DCA 1986). The more frequently an act is done, the less likely it is that it is innocently done. Evidence that a number of similar acts occurred is probative of the lack of innocence on the part of the defendant and of the presence of the necessary intent. Furthermore, evidence of a defendant's use of similar scheme or plan to commit similar crimes is admissible to show he intended to commit the crime in question. Williams.
The evidence submitted by the state at trial was of eight previous burglaries committed by Jensen on the same victim's house. Although a key was not used during the latest burglary, in light of the supreme court decision in Bryan v. State, 533 So.2d 744 (Fla. 1988), this distinction is not a crucial point upon which to deny the admission of evidence. In Bryan, the supreme court held that § 90.404(2) does not bar the introduction of other crimes which are factually dissimilar to the crime charged if the evidence of other crimes is relevant. In addition, this court has held in Calloway v. State, 520 So.2d 665 (Fla. 1st DCA 1988), that the rigidity with which the similarity requirement is applied in cases wherein the collateral crimes are introduced to prove a fact, such as the identity of the perpetrator, is not necessary in other situations such as cases where the evidence is relevant to corroborate the victim's testimony. See also United States v. Williford, 764 F.2d 1493, 1497 (11th Cir.1985).
Jensen's acts are unique in that he committed the previous acts on eight previous occasions all against the same victim, and the acts have a distinct point of similarity in that all were burglaries of a single dwelling committed in a similar fashion. The evidence that Jensen, on eight prior occasions, burglarized the same victim's house is relevant to show intent even though the evidence is not factually identical to the charged offense. Bryan. Due to the similarities of the acts, the trial judge did not abuse his judicial discretion in admitting the evidence. Booker v. State, 397 So.2d 910 (Fla. 1981). Furthermore, the admission of the evidence did not become a feature of the trial, as Jensen claims. The evidence was presented only through the testimony of the victim and Jensen. This does not equate to being a feature of the trial. Wilson v. State, 330 So.2d 457 (Fla. 1976); Townsend v. State, 420 So.2d 615 (Fla. 4th DCA 1982), petition for review denied, 430 So.2d 452 (Fla. 1983).
In addition to the foregoing, it does not appear that the issue of the admissibility of Williams rule evidence was properly preserved for appeal in this case. The victim testified, without objection, that he had sustained a series of burglaries in 1985, and that numerous things were taken, including several wrist watches, a video cassette recorder, two rings, approximately $1,000 in cash, cameras, headset radios, and a spotting telescope. Jensen's attorney then made an objection on the grounds that the evidence was not relevant to the *416 offense charged. No objection was made on the grounds that the testimony was an improper Williams rule evidence. The state attorney replied that the evidence was material because defense counsel had created the impression during his opening statement that the articles taken were insignificant and that the trial involved nothing but a personal family feud. The victim then testified that his best estimate of the value of the property taken was between $10,000 and $12,000, and that the court had issued an order finding the value to be at least $6,500 and ordered that the amount be repaid by Jensen. He further testified, without objection, that he knew the burglaries were committed by Jensen because he saw him commit the burglaries on a video tape made by a closed circuit television system he installed in the house. Even Jensen testified on direct examination by his own attorney that he entered the victim's home in the past in order to take some belongings and, as a consequence, he was convicted. Jensen further stated that he knew the victim did not like him, and that this dislike was not surprising in light of the burglaries which he had committed. Jensen also testified he felt no animosity toward the victim as a result of his conviction. On cross-examination Jensen testified, without objection, that he was not offended by the fact that he had to make restitution, saying he knew he had "done wrong" and was sorry. He further volunteered that he paid in state prison for "the wrong he had done," that he was paying for it now, and would continue to do so until he had paid all the restitution owed. Defense counsel then asked to approach the bench and advised the court that he did not see the relevance of the particular items that were stolen, but made no objection as such, and the court then directed the state to proceed. There was no objection on the ground of a Williams rule violation to any of the evidence regarding the prior burglaries. Jensen testified voluntarily about the previous burglaries and his resultant conviction. Even if it was error to admit the evidence it would necessarily have been harmless under the circumstances of this case.
We find no merit with respect to the issues raised as to the trial court's finding Jensen as a habitual offender or the denial of credit for presentencing jail time. Accordingly, the judgment is affirmed.
MINER, J., concurs.
SMITH, J., specially concurs.
SMITH, Judge, specially concurring.
I concur only in the result reached by the majority.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.), cert. denied 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).