574 So.2d 73 (1991)
John Ruthell HENRY, Appellant,
v.
STATE of Florida, Appellee.
No. 70816.
Supreme Court of Florida.
January 3, 1991.
*74 James Marion Moorman, Public Defender and A. Anne Owens, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen. and Carol M. Dittmar, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
John Ruthell Henry appeals from a judgment of guilt for first-degree murder and the subsequent death sentence. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
According to the evidence adduced at trial, including a detailed confession Henry gave to police, the pertinent facts are set forth below: Henry was married but was living with another woman. Shortly before Christmas of 1985 Henry returned to his home in Pasco County to talk with his wife, Suzanne, about Christmas presents for her five-year-old son from a previous marriage, Eugene Christian. The couple began to argue and the dispute ended with Henry killing Suzanne by stabbing her repeatedly in the throat with a kitchen knife. He then took Eugene Christian from the house and drove the boy into Hillsborough County where, some nine hours after Suzanne's murder, he killed Eugene by stabbing him in the throat.
Henry was first tried for the murder of Eugene Christian. A Hillsborough County jury convicted him of first-degree murder and recommended the death penalty, which the trial court imposed. This Court reversed the conviction and sentence in Henry v. State, 574 So.2d 66 (Fla. 1991),[1] and remanded for a new trial. Henry was tried for the first-degree murder of Suzanne Henry in Pasco County. Again, the jury found him guilty. Following the jury's recommendation, the trial court sentenced Henry to death. It is from the Pasco County conviction that Henry appeals.
Henry raises eight issues, only four of which we need address. First, Henry contends that the court should have granted his motion for acquittal because the state failed to present sufficient evidence of premeditation. We disagree. There was physical evidence that was inconsistent with Henry's story that he stabbed his wife after she had cut him three times with a kitchen knife. Detective Wilber testified that the scratches on Henry's arm were not the type of wounds that would have been made with a knife. He said the scratches looked more like wounds one would suffer by crawling around through briars and shrubs, such as those present in the locale where Eugene's body was found. Of even more significance was the fact that the victim was killed by being stabbed thirteen times. See Preston v. State, 444 So.2d 939 (Fla. 1984). There was enough evidence to present a jury question on the issue of premeditation.
Second, Henry asserts that his confession should have been suppressed because during the course of his interrogation he told one police detective that he did not wish to speak to him. The same contention was rejected by the majority of the Court in Henry v. State, 574 So.2d 66 (Fla. 1991). Henry's argument is even less compelling in the instant case because he confessed to killing his wife several hours after he admitted that he had killed the boy.
Henry next claims that the trial court erred in admitting extensive testimony and documentary evidence concerning the killing of Eugene Christian. At trial, the court allowed the state, over objection, to introduce testimony concerning the search for Eugene Christian's body, how the body was found, and the statement from Henry's confession as to how he had carried out the killing. The state also introduced, *75 over objection, a medical examiner's eight-by-fourteen-inch color photograph of Eugene Christian's upper torso, showing the five stab wounds in his neck. The trial court allowed this evidence on two grounds: (1) The killings were part of one continuing criminal episode and the evidence of the second murder was necessary to provide the context; and (2) under the Williams[2] rule, the evidence was relevant to prove motive, guilty knowledge, identification, lack of mistake, and intent.[3]
We cannot agree that the killing of Eugene Christian qualifies as similar fact evidence. To be admissible evidence under the Williams rule, an event must be similar to the crime for which the defendant is being tried and must tend to prove some fact in issue. In this case, the killing of Eugene Christian was irrelevant to explain or illuminate the murder of Suzanne Henry. It did not prove motive, intent, knowledge, lack of mistake or, contrary to the state's assertion, identity, where the necessary factual points of similarity are totally absent. On this record, the fact that both victims were family members who were stabbed in the neck did not provide sufficient points of similarity from which it would be reasonable to conclude that the same person committed both crimes. Drake v. State, 400 So.2d 1217 (Fla. 1981); C. Ehrhardt, Florida Evidence § 401.10 (2d ed. 1984).[4]
There remains the question of whether the evidence of the killing of Eugene Christian was admissible as being part of a prolonged criminal episode. See Smith v. State, 365 So.2d 704 (Fla. 1978), cert. denied, 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979). Some reference to the boy's killing may have been necessary to place the events in context, to describe adequately the investigation leading up to Henry's arrest and subsequent statements, and to account for the boy's absence as a witness. However, it was totally unnecessary to admit the abundant testimony concerning the search for the boy's body, the details from the confession with respect to how he was killed, and the medical examiner's photograph of the body. Even if the state had been able to show some relevance, this evidence should have been excluded because the danger of unfair prejudice substantially outweighed its probative value. § 90.403, Fla. Stat. (1985). Indeed, it is likely that the photograph alone was so inflammatory that it could have unfairly prejudiced the jury against Henry.
In view of Henry's confession, we have considered whether the admission of this evidence could be harmless error, at least with respect to the finding of guilt. However, because there is evidence which would support the conclusion that Henry may only be guilty of a lesser degree of homicide, we cannot say that the error was harmless beyond a reasonable doubt. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Finally, because this case is going to have to be retried, we note that on the evidence introduced at the trial, the finding that the killing was committed in a cold, calculated, and premeditated manner could not be sustained. The record simply fails to show that beyond a reasonable doubt the killing was accomplished with the heightened premeditation required to support this aggravating circumstance. Rogers v. State, 511 So.2d 526 (Fla. 1987), cert. denied, 484 U.S. 1020, 108 S.Ct. 733, 98 L.Ed.2d 681 (1988).
*76 We reverse the conviction and death sentence and remand the case for a new trial.
It is so ordered.
OVERTON, McDONALD, EHRLICH and GRIMES, JJ., concur.
BARKETT, J., concurs in result only with an opinion, in which SHAW, C.J. and KOGAN, J., concur.
BARKETT, Justice, concurring in result.
I concur in result but also feel that Henry's confession should have been suppressed for reasons expressed in Henry v. State, 574 So.2d 66 (Fla. 1991) (Barkett, J., dissenting).
SHAW, C.J., and KOGAN, J., concur.
NOTES
[1] A more complete factual statement with respect to both killings may be found in that opinion.
[2] Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).
[3] The Williams rule is codified in section 90.404(2)(a), Florida Statutes (1985):

Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
[4] Note the different relationship in which the two killings stand to one another. Evidence of the first killing, that of Suzanne Henry, was properly admitted in the trial for the killing of Eugene Christian because it tended to show, if nothing else, motive.