621 So.2d 752 (1993)
STATE of Florida, Appellant,
v.
Larry RICHARDSON, Appellee.
No. 92-2400.
District Court of Appeal of Florida, Fifth District.
July 2, 1993.
Rehearing Denied July 28, 1993.
*753 Robert A. Butterworth, Atty. Gen., Tallahassee, and Kellie A. Nielan, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and James R. Wulchak, Chief, Appellate Div., Asst. Public Defender, Daytona Beach, for appellee.
DIAMANTIS, Judge.
The State of Florida appeals the trial court's non-final order denying the state's motion to introduce evidence of collateral crimes committed by appellee Larry D. Richardson and evidence of admissions made by Richardson. We affirm the trial court's order in part, reverse in part, quash in part, and remand for further proceedings.
On January 7, 1992, a grand jury indicted Richardson for first degree murder,[1] armed robbery with a firearm,[2] and burglary.[3] The indictment alleged that, on or about February 14, 1991, Richardson unlawfully entered the home of Carolyn Lee, robbed her of cash and personal property, and killed her by striking her with a skillet or hammer and shooting her with a handgun.
On May 21, 1992, the state filed a "motion for pretrial ruling regarding admissibility *754 of Williams[4] rule testimony," in which it sought to introduce evidence of other crimes committed by Richardson, as well as admissions made by him. The trial court denied the state's motion, ruling that such evidence would not be allowed during the state's case-in-chief but reserving ruling on the admissibility of such evidence in the event Richardson raised some matter which would make the evidence relevant and material in rebuttal.
On appeal, the state contends that the trial court erred in excluding the following evidence:
(1) On February 11, 1991, Richardson had a firearm in his possession.[5]
(2) On February 12, 1991, Richardson murdered Kevin Floyd with a small-caliber, dark-colored handgun.[6]
(3) On February 13, 1991, Richardson called his father in Massachusetts and told him that he needed money to leave town because he had "just killed a man".
(4) Richardson's aunt, Rosa Lane, discovered that a small-caliber, dark-colored handgun was missing from her home. She last saw the gun on January 1, 1991. Richardson had access to his aunt's home.
(5) An analysis of the bullets which killed Floyd and Lee revealed that both came from a .22 caliber firearm (probably a revolver), were consistent in class characteristics, and could have come from the same firearm.
(6) When the police contacted Richardson on February 14, 1991, following the murder of Lee, Richardson stated that he was sorry he had come down to the police station; that he had been in the process of packing his bags to leave; and that, had he continued his packing and left, the police would never have found him.[7]
The state contends that the evidence that Richardson had access to a small handgun, that he killed Floyd with a small handgun, and that he needed money to leave town after killing Floyd was relevant to show Richardson's motive in robbing and killing Lee. Additionally, the state contends that the evidence was relevant to establish the entire context out of which the criminal episode occurred, identity, opportunity, and common scheme.
We first must address the appealability of the trial court's order. Florida Rule of Appellate Procedure 9.140(c)(1)(B) permits the state to appeal orders
suppressing before trial confessions, admissions, or evidence obtained by search and seizure.
Pursuant to rule 9.140(c)(1)(B), we conclude that the state may appeal the trial court's order to the extent that the order suppresses the admissions of Richardson made to his father (item 3) and to the police (item 6). See State v. Brea, 530 So.2d 924 (Fla. 1988); State v. Palmore, 495 So.2d 1170 (Fla. 1986). See also State v. Hale, 505 So.2d 1109 (Fla. 5th DCA 1987); State v. Langer, 490 So.2d 1019 (Fla. 5th DCA 1986); State v. Evans, 462 So.2d 596 (Fla. 5th DCA 1985). We also conclude that, because the murder of Floyd (item 2) is intertwined with the admission of Richardson to his father that he needed money to leave town because he had killed a man (item 3), the state may appeal the suppression of item 2 under rule 9.140(c)(1)(B). The murder of Floyd clarifies and explains Richardson's admission to his father the next day.
Alternatively, even assuming that the trial court's order suppressing evidence of the Floyd murder is not appealable as a *755 matter of right, we recognize that the state may seek common law certiorari review of the trial court's order regarding this evidence as well as the evidence contained in items 1, 4, and 5. State v. Pettis, 520 So.2d 250, 253 (Fla. 1988). See also State v. Brea, 530 So.2d 924, 926 (Fla. 1988); State v. Smith, 586 So.2d 1237, 1238 n. 3 (Fla. 2d DCA 1991). Accordingly, consistent with the principles pronounced in Pettis, we grant common law certiorari in this case in order to afford the state a full review of the trial court's order regarding items 1, 4, and 5.
In Ruffin v. State, 397 So.2d 277 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 368, 70 L.Ed.2d 194 (1981), the supreme court described the test for admissibility of evidence of collateral crimes:
In Williams v. State, we announced a broad rule of admissibility based upon relevancy... . [W]e declared that any fact relevant to prove a fact in issue is admissible into evidence even though it points to a separate crime unless its admissibility is precluded by a specific rule of exclusion. We further held that evidence of collateral offenses is inadmissible if its sole relevancy is to establish bad character or propensity of the accused. We emphasized that the question of relevancy of this type of evidence should be cautiously scrutinized before it is determined to be admissible, but that nonetheless relevancy is the test. Evidence of other crimes is relevant if it casts light on the character of the crime for which the accused is being prosecuted. For example, this evidence is relevant when it shows either motive, intent, absence of mistake, common scheme or plan, identity, or a system or general pattern of criminality.
Ruffin, 397 So.2d at 279-280.[8]
Where the state demonstrates that evidence of separate criminal activity is relevant to the charged offense, the trial court still may exclude such evidence on the grounds that its prejudicial impact outweighs its probative value. Henry v. State, 574 So.2d 73, 75 (Fla. 1991); State v. Vazquez, 419 So.2d 1088, 1090 (Fla. 1982); Straight v. State, 397 So.2d 903, 909 (Fla.), cert. denied, 454 U.S. 1022, 102 S.Ct. 556, 70 L.Ed.2d 418 (1981). See § 90.403, Fla. Stat. (1991). Because evidence of collateral crimes is inherently prejudicial, however, such evidence should not be excluded merely because of its prejudicial nature. Before the trial court excludes such evidence, the probative value of the evidence must be "substantially outweighed by the danger of unfair prejudice." Bryan v. State, 533 So.2d 744, 747 (Fla. 1988), cert. denied, 490 U.S. 1028, 109 S.Ct. 1765, 104 L.Ed.2d 200 (1989) (citing § 90.403, Fla. Stat. (1983)). Unfair prejudice results where the state makes the collateral offense a feature instead of an incident of the trial. Heiney v. State, 447 So.2d 210, 213 (Fla.), cert. denied, 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984). Thus, the state's presentation of evidence of the collateral offense must not transcend the bounds of relevancy to the offense being tried. Ruffin, 397 So.2d at 280; Williams v. State, 117 So.2d 473, 475 (Fla. 1960).
Evidence of collateral crimes may be admissible to establish the entire context out of which the alleged criminal conduct arose. Ruffin, 397 So.2d at 281; Smith v. State, 365 So.2d 704, 707 (Fla. 1978), cert. denied, 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979). Cases admitting such evidence have focused on the time frame in which the offenses occurred and the causal connection between the offenses. Smith, 365 So.2d at 707. For example, collateral crime evidence may be *756 admissible where the offenses occurred as part of one prolonged criminal episode, id., or where the offenses were an integral part of the factual context in which the charged crimes occurred. Craig v. State, 510 So.2d 857, 863 (Fla. 1987), cert. denied, 484 U.S. 1020, 108 S.Ct. 732, 98 L.Ed.2d 680 (1988). Evidence of collateral crimes also may be admissible if relevant to prove identity or modus operandi. In Drake v. State, 400 So.2d 1217 (Fla. 1981), the supreme court stated that
The mode of operating theory of proving identity is based on both the similarity of and the unusual nature of the factual situations being compared. A mere general similarity will not render the similar facts legally relevant to show identity. There must be identifiable points of similarity which pervade the compared factual situations. Given sufficient similarity, in order for the similar facts to be relevant the points of similarity must have some special character or be so unusual as to point to the defendant.
Drake, 400 So.2d at 1219. See also Wilson v. State, 490 So.2d 1062, 1064 (Fla. 5th DCA 1986); Sias v. State, 416 So.2d 1213, 1215 (Fla. 3d DCA), rev. denied, 424 So.2d 763 (Fla. 1982).
In State v. Lee, 531 So.2d 133 (Fla. 1988), the defendant was charged with, inter alia, kidnapping, sexual battery, and robbery while armed with a handgun. At trial, the state introduced evidence that the defendant had robbed a bank while armed with a handgun later on the same day the charged offenses were committed. The defendant's conviction was reversed by the supreme court, which noted that
It was not established that the gun used during the bank robbery was the gun used during the offenses at issue. Furthemore [sic], the mere fact that a gun was used during the bank robbery does not establish that [the defendant] used a gun during the charged offenses under review.
Lee, 531 So.2d at 135. The court concluded that evidence of the bank robbery was not relevant to prove identity, context, or any other material fact in issue. Id. at 135-136.
Based on these authorities, we conclude that the trial court properly held that Richardson's possession of a firearm on February 11 and use of a small-caliber handgun in the February 14 murder of Carolyn Lee were not so similar or unique as to prove identity or common scheme. We further conclude that the trial court correctly held that the state failed to show a sufficient connection between the missing handgun from the home of Richardson's aunt (item 4) and the unrecovered handgun used in the murder of Lee. Compare Bryan v. State, 533 So.2d 744, 747 (Fla. 1988), cert. denied, 490 U.S. 1028, 109 S.Ct. 1765, 104 L.Ed.2d 200 (1989) (evidence of collateral bank robbery offense was relevant to prove defendant's possession of weapon used to commit charged murder offense where state matched registration number of murder weapon with that of shotgun defendant acquired prior to robbery, residue from modification of weapon was found in defendant's home immediately following robbery, and defendant used sawed-off shotgun similar in appearance to weapon during robbery); Hall v. State, 403 So.2d 1321, 1324 (Fla. 1981) (evidence of collateral murder offense was relevant to prove identity and context where weapon used to commit charged murder offense was found under body of victim of collateral offense).
As to the February 12 murder of Floyd, however, we conclude that the trial court erred in holding this evidence to be inadmissible. In Bryan v. State, 533 So.2d 744, 746 (Fla. 1988), cert. denied, 490 U.S. 1028, 109 S.Ct. 1765, 104 L.Ed.2d 200 (1989), the supreme court explained that
So-called similar fact crimes are merely a special application of the general rule that all relevant evidence is admissible unless specifically excluded by a rule of evidence. The requirement that similar fact crimes contain similar facts to the charged crime is based on the requirement to show relevancy. This does not bar the introduction of evidence of other crimes which are factually dissimilar to *757 the charged crime if the evidence of other crimes is relevant.
Bryan, 533 So.2d at 746. See also Jensen v. State, 555 So.2d 414, 415 (Fla. 1st DCA 1989), rev. denied, 564 So.2d 1086 (Fla. 1990). Thus, evidence of a collateral crime need not be factually similar to the charged offense when such evidence is relevant to prove the defendant's motive to commit the charged offense.
In Heiney v. State, 447 So.2d 210 (Fla.), cert. denied, 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984), the defendant shot Terry Phillips in Houston, Texas, on June 4. To avoid apprehension by the police, the defendant was driven by a friend to the Texas state line where he planned to hitchhike to Florida. On June 5, the defendant was seen in Jackson, Mississippi, in the company of the victim, Francis M. May, Jr. May died as the result of a severe beating, and his body was discovered near Holt, Florida, on June 6. Subsequently, the defendant was apprehended while traveling across the country in May's automobile and using May's credit card to purchase gasoline, food, and lodging.
On appeal from his conviction for the first-degree murder and robbery of May, the defendant argued that the trial court erred in admitting evidence of the shooting of Phillips in Texas. Applying the test of relevancy announced in Williams and later described in Ruffin, the supreme court held that
the collateral crime evidence was relevant and admissible. It was relevant to show motive for the subsequent crimes and to establish the "entire context" of the crimes charged. This evidence is relevant to show that [the defendant's] desire to avoid apprehension for the shooting in Texas motivated him to commit robbery and murder in Florida so that he could obtain money and a car in order to continue his flight from Texas.
Heiney, 447 So.2d at 214. Despite the prejudicial nature of the evidence, the court concluded that the evidence was relevant and admissible and rejected the defendant's contention that its introduction constituted reversible error. See also Maharaj v. State, 597 So.2d 786, 790 (Fla. 1992), cert. denied, ___ U.S. ___, 113 S.Ct. 1029, 122 L.Ed.2d 174 (1993) (evidence of newspaper article written by victim accusing defendant of illegally taking money out of Trinidad and of forging check relevant to prove motive of defendant in murdering victim); Grossman v. State, 525 So.2d 833, 837 (Fla. 1988), cert. denied, 489 U.S. 1071, 109 S.Ct. 1354, 103 L.Ed.2d 822 (1989) (defendant's burglary of home and subsequent possession of stolen handgun in violation of probation relevant to prove defendant's motive in murdering police officer who apprehended defendant and seized handgun); Craig v. State, 510 So.2d 857, 863-864 (Fla. 1987), cert. denied, 484 U.S. 1020, 108 S.Ct. 732, 98 L.Ed.2d 680 (1988) (evidence defendant had stolen employer's cattle was relevant to prove defendant's motive in subsequent murder of employer, who had discovered thefts).
In this case, evidence of Floyd's murder on February 12 was relevant and admissible to show Richardson's motive for the subsequent murder of Lee. On February 13, Richardson called his father, explaining that he needed money so that he could leave town because he had "just killed a man". On February 14, Richardson allegedly broke into Lee's home and robbed and murdered her. Thus, despite its prejudicial nature, the evidence of Floyd's murder was admissible to show that Richardson's desire to avoid apprehension motivated him to commit the robbery and murder of Lee so that he could obtain money to leave Florida. See Heiney, 447 So.2d at 214. In presenting evidence of the February 12 murder of Floyd, however, the state may not transcend the bounds of relevancy to the February 14 murder of Lee or make the collateral offense a feature of its case against Richardson.
We additionally conclude that on remand the trial court should allow the state to show that the bullets which killed Floyd and Lee came from a .22 caliber firearm, were consistent in class characteristics, and could have come from the same firearm (item 5). In contrast to the evidence concerning the handgun missing from Richardson's aunt's home and the firearm in Richardson's possession on February 11, this evidence establishes a connection *758 between the firearm used to murder Floyd and that used to rob and murder Lee. See Bryan, 533 So.2d at 747; Hall, 403 So.2d at 1324. We recognize that the state cannot show conclusively that the bullets came from the same firearm, but this fact goes to the weight and not the admissibility of such evidence.
Finally, we conclude that the statements Richardson made to the police on February 14, 1991, (item 6) are admissible in evidence because such statements qualify as admissions against interest under section 90.803(18), Florida Statutes (1991), and are relevant. See Jackson v. State, 530 So.2d 269, 272 (Fla. 1988), cert. denied, 488 U.S. 1050, 109 S.Ct. 882, 102 L.Ed.2d 1005 (1989).[9]
We affirm the trial court's order denying the state's motion for pretrial ruling regarding Williams rule testimony as to items 1 and 4, reverse the order as to items 2 and 3, quash the order as to items 5 and 6, and remand this cause for further proceedings consistent with this opinion.
AFFIRMED in part; REVERSED in part; QUASHED in part; REMANDED.
HARRIS, J., and STROKER, R.J., Associate Judge, concur.
NOTES
[1] § 782.04(1)(a), Fla. Stat. (1989).
[2] § 812.13, Fla. Stat. (1989).
[3] § 810.02(2), Fla. Stat. (1989).
[4] Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).
[5] Richardson subsequently pled guilty to possession of a firearm by a convicted felon, armed robbery, and grand theft. The victim was one Earl Bracht. On appeal, the state does not contest the admissibility of evidence of the armed robbery of Bracht or the grand theft of Bracht's property.
[6] Richardson subsequently was convicted of second degree murder and possession of a firearm during the commission of a felony.
[7] Although not raised in the state's pretrial motion, admissibility of this evidence was argued by the state at the hearing.
[8] The Williams rule is codified at section 90.404(2), which provides that

Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
§ 90.404(2)(a), Fla. Stat. (1991). Section 90.404(2) also requires the court, if requested, to instruct the jury that the state is introducing such evidence for the limited purpose of proving the material fact in issue. § 90.404(2)(b)(2), Fla. Stat. (1991).
[9] Our ruling concerning the admissibility of Richardson's statements to the police is based solely on the relevancy of the statements.