658 So.2d 572 (1995)
STATE of Florida, Petitioner,
v.
Richard BRADFORD, Respondent.
No. 95-1019.
District Court of Appeal of Florida, Fifth District.
June 30, 1995.
Rehearing Denied August 7, 1995.
*573 Lawson Lamar, State Atty., and Paula C. Coffman, Asst. State Atty., Orlando, for petitioner.
Gus Benitez of Benitez & Butcher, P.A., Orlando, for respondent.
DAUKSCH, Judge.
The State of Florida petitions for, and we grant, the writ of certiorari. The defendant is charged with the first-degree murder of Susie Johnson. Just before trial, the defendant submitted a motion in limine asking the court not to allow the victim's daughter, Sandra Hayes, to testify as to the victim's state of mind before her murder. In statements to her daughter, Johnson expressed her fear of the defendant, who apparently was her former boyfriend. Johnson said she had changed apartments and did not want the defendant to know where she lived. She also said she had changed vehicles from a van to a Lincoln Continental so that the defendant would not be able to find her. Johnson's stated reason for those actions was that she was tired of being harassed and threatened by the defendant.
The trial court granted the defendant's motion in limine. Now the state is seeking review of that pretrial order. The state recognizes Johnson's statements are hearsay but argues that her state of mind is an issue because, after she was murdered, the defendant's fingerprint was found in her new car. Apparently the defendant's defense at trial is going to be that even after the break-up the victim used to visit him. He said Johnson would drive up in her car, slide over to the passenger seat, and the defendant would slide into the driver's seat. The defendant would claim that is how his fingerprint got in her new car. The state sought to rebut this argument by showing that since their break-up the victim had taken a number of actions to keep the defendant away from her, including changing cars. Johnson's statements would show she was afraid of the defendant and would never willingly have let him into her new car. Therefore, the state argued, her fear of the defendant rebutted his explanation as to how his fingerprint got into her Lincoln Continental.

CERTIORARI IS APPROPRIATE
We address first the procedural issue of whether we have jurisdiction to review the order. In State v. Pettis, 520 So.2d 250 (Fla. 1988), the Supreme Court of Florida held that certiorari is the appropriate remedy to review non-final pretrial orders in criminal cases which negatively affect the state's ability to prosecute where the state would have no adequate remedy by appeal should the defendant be acquitted. The order must also amount to a violation of a clearly established principle of law, resulting in a miscarriage of justice. Pettis, 520 So.2d at 254, citing Combs v. State, 436 So.2d 93, 96 (Fla. 1983). The court's reasoning was as follows:
The ability of the district courts of appeal to entertain state petitions for certiorari to review pretrial orders in criminal cases is important to the fair administration of criminal justice in this state. Otherwise, there will be some circumstances in which the state is totally deprived of the right of appellate review of orders which effectively negate its ability to prosecute. If a nonfinal order does not involve one of the subjects enumerated in Florida Rule of Appellate Procedure 9.140(c)(1), the state would not be able to correct an erroneous and highly prejudicial ruling. Under such circumstances, the state could only proceed to trial with its ability to present the case significantly impaired. Should the defendant be acquitted, the principles of double jeopardy prevent the state from seeking review; thus, the prejudice resulting from the earlier order would be irreparable. The filing of a petition for certiorari is an apt remedy under these circumstances.
Pettis, 520 So.2d at 253; see State v. Richardson, 621 So.2d 752, 754-55 (Fla. 5th DCA 1993) (relying upon Pettis, granting certiorari review to afford the state a full review of an order suppressing collateral crime evidence). In this case, if the evidence is not allowed, the defendant will be able to testify as to how his fingerprints got in the Lincoln Continental without any admissible evidence *574 to rebut his explanation. Since this is crucial evidence in a first-degree murder prosecution, we hold that there would be a miscarriage of justice if the evidence of the victim's state of mind is not admissible. Thus, certiorari review is appropriate.

THE TRIAL COURT ERRED IN RULING THE EVIDENCE WAS INADMISSIBLE
Susie Johnson had told her daughter that she was afraid of the defendant and had taken steps to hide from him. The state argues these statements are admissible under section 90.803(3)(a)(1), Florida Statutes. This part of the statute says that even though hearsay, a statement is not inadmissible as evidence when it is:
(a) A statement of the declarant's then existing state of mind, emotion, or physical sensation, including a statement of intent, plan, motive, design, mental feeling, pain, or bodily health when such evidence is offered to:
1. Prove the declarant's state of mind, emotion, or physical sensation at that time or at any other time when such state is an issue in the action.
It is true that generally a victim's prior expressions of fear of a defendant are not admissible under section 90.803(3)(a)(1), Florida Statutes, because the victim's state of mind is not relevant. See, e.g., Hodges v. State, 595 So.2d 929, 931-32 (Fla.), cert. granted & judgment vacated on other grounds, ___ U.S. ___, 113 S.Ct. 33, 121 L.Ed.2d 6 (1992); Correll v. State, 523 So.2d 562, 565-66 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 183, 102 L.Ed.2d 152 (1988). Usually, the courts have found such evidence inadmissible because the state was trying to use the victim's statements improperly to prove the defendant's state of mind. Hodges; Downs v. State, 574 So.2d 1095, 1098 (Fla. 1991); Rigdon v. State, 621 So.2d 475 (Fla. 4th DCA 1993); CHARLES W. EHRHARDT, FLORIDA EVIDENCE § 803.3a (1995 ed.). However, this general rule of inadmissibility is not absolute. The leading case in Florida addressing an exception to the general rule is Peede v. State, 474 So.2d 808 (Fla. 1985), cert. denied, 477 U.S. 909, 106 S.Ct. 3286, 91 L.Ed.2d 575 (1986). In Peede, the defendant was charged with felony murder of his estranged wife; the underlying felony was kidnapping. The victim's daughter testified that her mother told her to call the police if she did not return because she was afraid the defendant would kill her. The court said the statements fell under the "state of mind" hearsay exception and were admissible to show that there had been a kidnapping. One of the elements of kidnapping is that the victim was forcibly abducted against his will. The victim's statements were admissible to prove that she would not have gone with the defendant willingly but, instead, had been abducted against her will. Peede, 474 So.2d at 816.
In the present case, the trial court ruled that the victim's state of mind was not an issue in the case. However, the trial court read the phrase "an issue in the action" too strictly, perhaps persuaded by the defense's argument that such evidence is admissible only when it goes to an element of the crime, as in Peede. While Peede is perhaps a clearer example of when a victim's state of mind is at issue, it is not the only situation where a victim's state of mind is at issue. For instance, this court's opinion in Kennedy v. State, 385 So.2d 1020 (Fla. 5th DCA 1980), stated that "[w]hile there are undoubtedly a number of possible situations in which such statements may be relevant, the courts have developed three rather welldefined categories in which the need for such statements overcomes almost any possible prejudice." Id. at 1021, quoting from United States v. Brown, 490 F.2d 758, 767 (D.C. Cir.1973). This court explained these three most common examples, which occur when the defendant: (1) claims it was self-defense, or (2) claims the victim committed suicide, or (3) claims the death was accidental. Then the hearsay statements are admissible to rebut the defendant's claim as to how the murder happened.
Kennedy said those were the three most common examples, but there were others. While the present case does not fit within the three most commonly recognized exceptions, it does fit within those other "possible situations" where a victim's statement becomes admissible, and it does so for the same reason: *575 to rebut the defense raised by the defendant. Certainly, as noted by the trial court's order, such statements are prejudicial but so by its very nature is any evidence entered by the state to prove the guilt of the defendant. In this case, as in Peede, the relevance outweighs the prejudice.
This is not to say that the victim's statements are automatically admissible. In the present case, the victim's state of mind may or may not become an issue, depending upon the defendant's theory of the case. The victim's statements of fear are not admissible as proof that it was the defendant who killed her, but her statements of fear are admissible to rebut the defendant's theory that the victim willingly let him inside her car and that is how his fingerprint got in her car. If the defendant does not put forth the theory that the victim willingly let him in her car, then her state of mind would not be at issue.
Thus, initially, the state could not present the hearsay evidence in its case in chief. It can only be used as rebuttal evidence. Using the hearsay evidence as rebuttal is no different than any other case allowing otherwise inadmissible evidence as rebuttal when the other side has opened the door. See, e.g., Adamson v. State, 569 So.2d 495 (Fla. 3d DCA 1990) (defendant's cross-examination opened the door to otherwise inadmissible hearsay); Morgan v. State, 520 So.2d 105 (Fla. 2d DCA 1988) (testimony over "double hearsay" objection not error in light of fact that defendant's attorney asked questions which opened the door for prosecutor).
We therefore grant the petition for certiorari, quash the order excluding the victim's hearsay statements from introduction into evidence, and remand to the circuit court for further proceedings consistent with the opinion.
COBB and GOSHORN, JJ., concur.