690 So.2d 670 (1997)
Annie BUSH, Appellant,
v.
STATE of Florida, Appellee.
No. 96-416.
District Court of Appeal of Florida, First District.
March 25, 1997.
*671 Nancy A. Daniels, Public Defender; Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Mark C. Menser, Assistant Attorney General, Tallahassee, for Appellee.
MICKLE, Judge.
Appellant challenges her convictions for one count of grand theft and one count of use or possession of drug paraphernalia. We reverse the grand theft conviction and affirm the conviction for use or possession of drug paraphernalia.
Appellant was charged by information with one count of grand theft of property (namely, a television set and jewelry belonging to Janice Rhodes), one count of contributing to the delinquency of a minor, and one count of use or possession of drug paraphernalia. Approximately five months prior to trial, the state filed a motion to consolidate the instant charges with two other counts of grand theft charged separately. As grounds, the state alleged that the charges were related in that they were based on acts that occurred on the same date and that most of the witnesses were the same. The motion was granted and the cases were consolidated for trial. Sometime during the week prior to trial, however, Judge Smith ordered that the instant charges no longer be consolidated with the two separate charges of grand theft. At the outset of trial, the prosecutor announced that the state intended to elicit evidence of a large amount of stolen property that was found in appellant's home, including evidence related to the severed charges, arguing that the collateral evidence was "inextricably interwoven with this case and it was all found at the same time, and goes directly to the defendant's intent." Defense counsel objected on the basis that the state had failed to provide the defense with the proper notice of intent to introduce collateral crime evidence, as required by section 90.404(2)(b), Florida Statutes. The prosecutor countered that the state was not required to provide notice where the crimes are inseparable and the issue goes to the defendant's knowledge. The prosecutor maintained that it would be a travesty to limit the state to addressing only the small number of items that are the subject of the instant case. Defense counsel then orally moved in limine to prevent the state from introducing evidence of any other burglaries or thefts not related to the instant charges. The trial court denied the motion, ruling that the other two charges were inseparable and that evidence of other stolen property located in appellant's house went to the issue of her knowledge of its presence in her home.
*672 At trial, Janice Schroeder (formerly Janice Rhodes) testified that her house was burglarized in October, 1994. Among the items stolen, she recovered a Toshiba television set and certain jewelry. During the time period of the burglary of Schroeder's home, appellant was living with her three sons, who were under investigation as possible burglary suspects.[1] Appellant's home was searched on two occasions in November 1994. Among the items seized were the television set and jewelry belonging to Janice Schroeder. The police also recovered a myriad of other items, including a Sony television, a radio cassette, speakers, a camera, clothing, and two camcorders. Also found, under appellant's bed, was a clip pouch carrying a pipe, which contained trace amounts of cocaine. Defense counsel objected to the testimony of Detective Chase regarding how much property was seized by the police and how many victims had appeared to claim property. The objection was overruled and Detective Chase proceeded to name three such victims, in addition to Janice Schroeder, and the property recovered by each. Defense counsel's hearsay objection to the introduction of photographs of this property was also overruled. Defense counsel then argued that the evidence of property recovered from the house, other than that stolen from Janice Schroeder, was becoming a feature of the trial. The trial judge ruled the evidence admissible. A subsequent motion for mistrial, predicated on the prejudicial nature of the collateral crime evidence, was denied.
Defense counsel moved for a judgment of acquittal on all counts. The motion was denied as to the grand theft and possession charges, but granted as to the charge of contributing to the delinquency of a minor. During closing argument, the prosecutor stated:
[T]his case is about the defendant enjoying the fruits of her children's stolen property. And the issue is, was she able to exercise control over the property? Yes. It was in her house. And did she know it was stolen? That's really what we are here for. And the State has proved that to you. You know, you can have maybe one stolen item and it could have slipped by her and she wouldn't have known it was stolen. Maybe two stolen items. But, when you have a stolen TV and then a twenty-seven inch stolen TV and a stolen camcorder, and jewelry, and it just goes on, and a vacuum cleaner and a knifelet me show you these one more time.
And these aren't evidence for you to bring back, but it is for you to consider so far as it shows that she knew her house was full of stolen property. And any other position defies common knowledge.
Let me go through some of the property real quick. There's various stereo components. And it's hard to judge the size in these photographs, but you can imagine. There are one, two, three, four, five, six stereo components that were found in her living room. There's all this jewelry. Even kitchen things, like Tide. And there's a block of knives that is behind it that's hard to see.
More jewelry. This is a camcorder. These were testified to be three foot stereo speakers that were in her bedroomI mean her living room. Here's another stereo receiver type thing. Here's a camera. Weights, a vacuum cleaner, another camera, all this clothing. This stolen item was said to have been found in her closet.
Here's the other TV. Not the one that we have charged today, but the twenty-seven inch TV. A chain saw, more clothing, more jewelry.
I submit it would not be reasonable for anybody to conclude that once all this stolen property is in your houseand there's been no information of how it got into her house, except you heard the boys who testifiedwell, not Fred, because his case hasn't been resolved, so we couldn't talk about it. But, William said, yes, he went to boot camp for burglaries and grand theft. There is no doubt how the property got there. And there's not any conceivable way that the defendant could not have known that she was harboring a house stocked full and strewn with stolen property. And that's the issue in this case.

*673 Now, I'm sure the defense attorney will tell you that the information or charge today is just for the twenty inch TV that was in the living room and the jewelry that was behind her bed in that heart-shaped box, that was valuable jewelry. And that's what she's charged with. But, all of this property shows you that she knew it was stolen. And at some point, she knows.
The jury returned a verdict of guilty as charged on the remaining two counts (one count of grand theft and one count of possession or use of drug paraphernalia).
As appellant's first issue on appeal, she challenges admissibility of the collateral crimes where the state's notice to introduce this evidence was insufficient and where the evidence was allowed to become a feature of the trial. We agree with appellant that the the two separate charges of grand theft were not so linked together in time and circumstance with the instant grand theft charge so as to constitute inseparable crimes, admissible under section 90.402, Florida Statutes, without need for compliance with the 10-day notice requirement under section 90.404(2)(b)1. However, we need not reach this issue because, even if the notice provided by the state was sufficient under the circumstances of this case, we find that reversible error occurred insomuch as the collateral crime evidence was allowed to become an overwhelming feature of the trial.
Unfair prejudice results where the state makes a collateral offense a feature, instead of an incident, of a trial. State v. Richardson, 621 So.2d 752 (Fla. 5th DCA 1993). The state's presentation of evidence of collateral offenses must not transcend the bounds of relevancy to the offense being tried. Id. A similar offense becomes a feature instead of an incident of the trial on the charged offense where it can be said that the similar fact evidence has so overwhelmed the evidence of the charged crime as to be considered an impermissible attack on the defendant's character or propensity to commit crimes. Snowden v. State, 537 So.2d 1383 (Fla. 3d DCA), rev. denied, 547 So.2d 1210 (Fla.1989). The admission of excessive evidence of other crimes to the extent that it becomes a feature of the trial has been recognized as fundamental error. See Travers v. State, 578 So.2d 793 (Fla. 1st DCA), rev. denied, 584 So.2d 1000 (Fla.1991). As we stated in Travers, the danger is that evidence that the defendant committed a similar crime will frequently prompt a more ready belief by the jury that the defendant might have committed the charged offense, thereby predisposing the mind of the juror to believe the defendant guilty. Travers at 797, citing Nickels v. State, 90 Fla. 659, 685, 106 So. 479, 488 (1925).
It is evident from the instant record that the state's extensive utilization of the evidence of other stolen items found in appellant's home was to emphasize appellant's involvement in these other crimes, thereby implicating her with a criminal propensity and having the effect of making her involvement in the collateral offenses a main feature or theme of the trial. As can be gleaned from the prosecutor's closing arguments, the state's case hinged on the element of appellant's guilty knowledge that stolen property was located in her home. Although the introduction of such evidence is permissible under certain circumstances, when it reaches to the extent reflected by this record, in our opinion, it constitutes reversible error. In short, the evidence of all of the other stolen property located in appellant's home clearly became a feature of the trial, both with respect to the quantum of evidence presented and the arguments of counsel.
As her remaining two issues, appellant challenges the sufficiency of the evidence to convict as to both counts. A review of the record reveals sufficient competent evidence to establish the elements of both offenses. Based upon our disposition of the first issue, however, we must reverse the conviction and sentence for grand theft. However, we affirm the conviction for use or possession of paraphernalia.
AFFIRMED in part, REVERSED in part, and REMANDED for a new trial on the charge of grand theft.
WEBSTER and LAWRENCE, JJ., concur.
NOTES
[1] Two of appellant's sons were ultimately charged with the burglary of Janice Schroeder's home.