PER CURIAM.
In this direct appeal from his convictions for aggravated battery, kidnapping with a weapon, and two counts of sexual battery, appellant claims the trial court (1) abused its discretion in admitting collateral crime evidence; (2) abused its discretion in admitting a photograph depicting a cell phone inside appellant’s car; (3) abused its discretion in permitting the prosecutor to cross-examine appellant about his motives for testifying at trial; and (4) erred in denying appellant’s motions for judgment of acquittal. We affirm appellant’s last two claims without discussion. However, we agree the collateral crime evidence became a feature of the trial because the collateral crime evidence so overwhelmed the evidence of the charged crimes that it became an impermissible attack on appellant’s character or propensity to commit crimes. See Bush v. State, 690 So.2d 670, 673 (Fla. 1st DCA 1997). We also agree the photograph of the cell phone was irrelevant because there was no evidence that appellant took the cell phone from the victim or either of the collateral crime witnesses. Accordingly, we reverse and remand for a new trial.
*1247 AFFIRMED in part; REVERSED in part; and REMANDED for a new trial.
WETHERELL, SWANSON, and OSTERHAUS, JJ., concur.