649 So.2d 1361 (1994)
John Ruthell HENRY, Appellant,
v.
STATE of Florida, Appellee.
No. 80941.
Supreme Court of Florida.
December 15, 1994.
Rehearing Denied February 14, 1995.
*1363 James Marion Moorman, Public Defender, and A. Anne Owens, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., and Candance M. Sabella, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
John Ruthell Henry appeals his conviction of first-degree murder of Eugene Christian and sentence of death. We have jurisdiction under article V, section 3(b)(1), of the Florida Constitution.
Henry's estranged wife, Suzanne Henry, was found stabbed to death in her home in Pasco County. Her five-year-old son from a previous marriage, Eugene Christian, was missing. Enough evidence was discovered to arrest Henry for his wife's murder. During questioning subsequent to his arrest, Henry admitted knowing where Christian's body was and then took police to the site in Hillsborough County. Christian had been stabbed five times in the neck. After the body was recovered, Henry made a full confession concerning both murders.[1]
Henry was convicted of the first-degree murders of Eugene Christian and Suzanne Henry in separate trials and received a sentence of death for each murder. This Court subsequently reversed both convictions and sentences. Henry v. State, 574 So.2d 66 (Fla. 1991); Henry v. State, 574 So.2d 73 (Fla. 1991). Regarding the murder of Eugene Christian, a majority of the Court held that considering the totality of the circumstances, continued questioning of Henry after he made the statement to one of the detectives that he was "saying nothing" to him did not violate the principles of Miranda.[2] A majority of the Court also held that the trial court did not err in striking Henry's insanity defense and rejected Henry's other guilt-phase claims.[3] However, because a majority of the justices believed that reversible error was committed, albeit for different reasons, the judgment and sentence were reversed and the case was remanded for a new trial. Henry, 574 So.2d at 72-73. On retrial, Henry was again convicted of the first-degree murder of Eugene Christian.[4] The jury recommended death by a vote of eleven to one. The court found the following aggravating factors: (1) Henry had previously been convicted of another capital felony;[5] and (2) the murder was committed during the course of a kidnapping. § 921.141(5)(b), (d), Fla. Stat. (1991). The court gave some weight to two statutory mitigating factors and six nonstatutory mitigating factors.[6] The court found *1364 that the aggravating factors outweighed the mitigating factors and sentenced Henry to death.
As his first issue on appeal, Henry argues that the trial court erred by denying his motion to remove the state attorney and appoint a special prosecutor. Henry made this motion because Gene Leonard, an investigator with the public defender's office, was assigned to Henry's case during the first trial. Leonard subsequently went to work at the state attorney's office as a training director and worked there during Henry's retrial. However, we do not find that Henry was prejudiced by Leonard's employment at the state attorney's office. Leonard was in no way involved in Henry's retrial. As training director, he did not have any investigative responsibilities. Further, a hearing was held on the motion to disqualify the state attorney's office and Leonard testified that he had not discussed Henry's case with any employee of the state attorney's office. The court ordered Leonard not to discuss Henry or the case with anyone and to screen himself from all aspects of the case. Leonard promised to comply with the order. We do not find that the trial court erred in denying the motion. Our ruling in this respect is consistent with State v. Fitzpatrick, 464 So.2d 1185 (Fla. 1985), in which we held that the entire state attorney's office need not be disqualified if the disqualified attorney neither provided privileged information nor assisted in the prosecution.
Henry next argues that the trial court erred in denying Henry's motion to suppress statements and admissions made during custodial interrogation because of a remark made by Pasco County detective Fay Wilber. At the suppression hearing during retrial, Wilber testified that he said in the presence of Henry's girlfriend, Rosa Mae Thomas, "If [Henry] has done something to that child, he needs to die." Henry asserts that because of his chronic paranoia, in addition to his fatigued and stressed condition, he was very intimidated by this remark which he interpreted as a threat. He claims that because of the remark, he was afraid of not telling Wilber where to find Christian's body, and therefore his admission as to the whereabouts of the body was not voluntary.
We reject Henry's claim. First of all, the suppression issue was raised in Henry's prior appeal and denied by a majority of this Court. Therefore, the "law of the case" doctrine applies. Under this doctrine, all points of law which have been previously adjudicated by a majority of this Court may be reconsidered only where a subsequent hearing or trial develops material changes in the evidence, or where exceptional circumstances exist whereby reliance upon the previous decision would result in manifest injustice. Preston v. State, 444 So.2d 939, 942 (Fla. 1984); Green v. Massey, 384 So.2d 24, 28 (Fla. 1980); Steele v. Pendarvis Chevrolet, Inc., 220 So.2d 372, 376 (Fla. 1969); Ball v. Yates, 158 Fla. 521, 29 So.2d 729, 738 (1946), cert. denied, 332 U.S. 774, 68 S.Ct. 66, 92 L.Ed. 359 (1947). Wilber's testimony on retrial does not constitute a material change in the evidence nor does it establish the existence of the required exceptional circumstances. Wilber testified at the suppression hearing prior to the first trial that he did not remember making such a statement. However, the record shows that Pasco County detective William McNulty and Rosa Mae Thomas both testified at the same hearing that Wilber made a statement that could have been construed as a threat. Therefore, Wilber's testimony does not materially change the evidence before the Court on the initial appeal. In any event, we fail to see how the remark would have resulted in Henry's agreement to lead law enforcement officers to the body. If anything, the remark would more logically have intimidated Henry into not confessing the whereabouts of the body or his guilt. Further, Henry did not confess until several hours after the statement was made. Therefore, we deny Henry's claim on this issue.
Henry further argues that the trial court erred in denying the motion to suppress because during the custodial interrogation he told Detective McNulty he would no longer talk. In the initial appeal, the Court determined that the statement "I am not saying nothing to you" did not indicate that Henry wanted to cut off all questioning. All *1365 of the evidence Henry now points to in support of his position was before the Court in the previous case. Because the issue of Henry's confession was fully covered in the initial appeal and Henry has not presented any material change in the evidence, this claim is denied. Preston, 444 So.2d at 942.
Henry further asserts that the trial court erred by allowing mention of Henry's conviction for the murder of Suzanne Henry and by admitting evidence relating to her murder. After a careful review of the record, we reject Henry's claim. As we pointed out in our opinion in the initial appeal, the State was faced with proving that Henry premeditated the murder of Christian and that Christian was kidnapped rather than taken lawfully. Henry, 574 So.2d at 70. Given this burden of proof, evidence from the Suzanne Henry murder was necessarily admitted to adequately describe the events leading up to Christian's death. Further, the facts of Suzanne Henry's murder were so inextricably intertwined with Christian's murder that to separate them would have resulted in disjointed testimony that would have led to confusion. Griffin v. State, 639 So.2d 966 (Fla. 1994); Erickson v. State, 565 So.2d 328, 333 (Fla. 4th DCA 1990), review denied, 576 So.2d 286 (Fla. 1991). Therefore, because the evidence relating to Suzanne Henry's murder was inseparable crime evidence, we hold that its admission was proper.
Henry also asserts that the trial court erred by not reading back the testimony of Dr. Berland, a defense expert witness. A trial court has broad discretion in deciding whether or not to have testimony re-read. Coleman v. State, 610 So.2d 1283, 1286 (Fla. 1992), cert. denied, ___ U.S. ___, 114 S.Ct. 321, 126 L.Ed.2d 267 (1993). We find no abuse of discretion in refusing to have Dr. Berland's testimony re-read.
Henry also claims that the prosecutor's impeachment of defense expert witnesses Dr. Berland and Dr. Afield was improper and that the prosecutor improperly referred to Dr. Berland as a "hired gun" in his closing argument. However, because no objection was made regarding this issue at trial and because the complained-of remarks do not constitute fundamental error, we find that the claim is procedurally barred. Crump v. State, 622 So.2d 963, 972 (Fla. 1993); Grossman v. State, 525 So.2d 833, 842 (Fla. 1988), cert. denied, 489 U.S. 1071, 109 S.Ct. 1354, 103 L.Ed.2d 822 (1989). Likewise, Henry's claim that the prosecutor improperly argued that Christian was killed to eliminate a witness to Suzanne Henry's murder was not properly preserved at trial. Because the prosecutor's argument does not amount to fundamental error, this issue is also precluded from appellate review. Id.
The remaining claims are without merit.[7] Further, we do not find any lack of proportionality in Henry's sentence. Accordingly, we affirm Henry's conviction for first-degree murder and his sentence of death.
It is so ordered.
GRIMES, C.J., OVERTON and HARDING, JJ., and McDONALD, Senior Justice, concur.
KOGAN, J., concurs in result only with an opinion, in which SHAW, J., concurs.
KOGAN, Justice, concurring in result only.
I believe that the defendant's confession should have been suppressed by the trial judge. I would have reversed the conviction and sent this case back to the trial court for a new trial. However, since I am bound by the law of the case doctrine, I concur only in the result.
SHAW, J., concurs.
NOTES
[1] The facts surrounding Henry's arrest, interrogation and subsequent confession are detailed in our original opinion. Henry v. State, 574 So.2d 66, 67-68 (Fla. 1991).
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[3] Henry also claimed that (1) the trial court erred in admitting evidence from Suzanne Henry's murder; (2) the prosecution improperly impeached a defense expert witness; (3) the trial court erred in refusing the jury's request to rehear the testimony of four mental health experts; and (4) the evidence was not sufficient to show a kidnapping of Christian.
[4] On retrial for the murder of Suzanne Henry, Henry was also again convicted of first-degree murder and sentenced to death. The subsequent appeal for that conviction and sentence is discussed in another opinion. Henry v. State, 649 So.2d 1366 (Fla. 1994).
[5] Henry had previously been convicted of second-degree murder for the stabbing death of his first wife, and had been convicted of first-degree murder for the stabbing death of his second wife, Suzanne Henry.
[6] The court gave some weight to the following statutory mitigating factors: (1) the murder was committed while Henry was under the influence of extreme mental or emotional disturbance; and (2) Henry's capacity to appreciate the criminality of his conduct or conform to the requirements of law was substantially impaired. § 921.141(6)(b), (f), Fla. Stat. (1991). The court also gave some weight to the following non-statutory mitigating factors: (1) Henry pled guilty and turned himself in for the murder of his first wife; (2) Henry was cooperative with law enforcement; (3) Henry exhibited good conduct in jail; (4) Henry was good to Christian while he was alive and is truly remorseful for the murder; (5) Henry has a history of drug and alcohol abuse; and (6) Henry fell as a child and suffered some brain injury.
[7] These claims are: (1) the trial court erred by giving the Florida standard jury instruction on reasonable doubt; (2) Florida's felony murder aggravating factor is unconstitutional; and (3) the death penalty is disproportionate.