649 So.2d 1366 (1994)
John Ruthell HENRY, Appellant,
v.
STATE of Florida, Appellee.
No. 78934.
Supreme Court of Florida.
December 15, 1994.
Rehearing Denied February 9, 1995.
*1367 James Marion Moorman, Public Defender, and Allyn Giambalvo, Asst. Public Defender, Tenth Judicial Circuit, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., and Candance M. Sabella, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
John Ruthell Henry appeals his conviction for the first-degree murder of Suzanne Henry and his resulting sentence of death. We have jurisdiction under article V, section 3(b)(1) of the Florida Constitution.
Henry was married to Suzanne Henry but they were separated. Shortly before Christmas 1985, he returned home in Pasco County to talk with his wife. The couple began to argue and the dispute ended with Henry killing Suzanne by stabbing her repeatedly in the throat. Henry then took Eugene Christian, Suzanne's five-year-old son from a previous marriage, from the house and drove to Hillsborough County where, some nine hours later, he killed Christian by stabbing him in the throat. Henry was convicted of the first-degree murders of Suzanne Henry and Eugene Christian in separate trials and received a sentence of death for each murder. Subsequently, this Court reversed both convictions and sentences. Henry v. State, 574 So.2d 73 (Fla. 1991); Henry v. State, 574 So.2d 66 (Fla. 1991). Regarding the murder of Suzanne Henry, we found that the trial court erred in admitting extensive testimony and documentary evidence concerning Eugene Christian's murder. Henry, 574 So.2d at 75. On retrial, Henry was again convicted of the first-degree murder of Suzanne Henry.[1] The jury recommended the death penalty by a vote of twelve to zero and the trial court followed the jury's recommendation. The court found two aggravating circumstances[2] and no mitigating circumstances. This appeal followed.
Henry argues that the trial court erred in allowing any testimony concerning the murder of Eugene Christian. Prior to the State's case-in-chief, defense counsel made a motion in limine to exclude any mention whatsoever of the killing of Eugene Christian. The trial court refused the defense's request to disallow any mention of Christian or his death. However, the court did prohibit the State from presenting in-depth testimony about the search for Christian's body, the autopsy photo, or the manner in which he was killed. The court also gave a limiting instruction for the jury's consideration of the evidence admitted pertaining to Christian.
During the course of the trial, reference was made to the following facts: Christian was last seen at Suzanne Henry's house on the day of her murder; Christian was missing *1368 from the house the day her body was found; Christian left Suzanne Henry's house on the day of her murder with an unknown person; Henry led police to the place where Christian's body was found; and Henry confessed to killing Christian. Henry argues that this evidence was not relevant to any material fact in issue and therefore should not have been admitted. We disagree.
The facts in question relating to Eugene Christian's murder were inextricably intertwined with facts pertaining to Suzanne Henry's murder. To try to totally separate the facts of both murders would have been unwieldy and likely have led to confusion. See Henry, 574 So.2d at 70-71; Griffin v. State, 639 So.2d 966 (Fla. 1994); Tumulty v. State, 489 So.2d 150 (Fla. 4th DCA), review denied, 496 So.2d 144 (Fla. 1986). As we stated in our opinion in Henry's first appeal, "[s]ome reference to the boy's killing may have been necessary to place the events in context, to describe adequately the investigation leading up to Henry's arrest and subsequent statements, and to account for the boy's absence as a witness." Henry, 574 So.2d at 75. We find that the evidence relating to Eugene Christian's whereabouts during and after his mother's murder, as well as the fact that Henry admitted killing Christian, was indeed necessary to establish the context of events and to describe the investigation leading up to Henry's arrest for Suzanne Henry's murder and the subsequent confession. The evidence was relevant to prove Henry's presence at the scene of the murder. The evidence concerning the briar bushes where Christian's body was found refuted Henry's claim that the cuts on his arms came from Suzanne Henry's attack with a knife. The act of removing the only person present in the house where Christian was killed also tended to prove guilty knowledge. Because the facts regarding Christian were inseparable crime evidence, we find that no error was made in their admission.
Henry also raises several issues pertaining to the penalty phase of his trial. He first asserts that the trial court erred by allowing certain hearsay testimony relating to the murder of his first wife, Patricia Roddy.[3] At the trial, the State introduced the transcript of testimony of Deborah Fuller, who had been a witness at Henry's first murder trial. At the time of the trial in the instant case, Fuller was unavailable and incarcerated in another state. Henry argues that because he had no opportunity to cross-examine Fuller in this instance, it was error to admit the transcript. He also argues that the transcript of testimony was irrelevant and highly prejudicial and therefore error pursuant to Rhodes v. State, 547 So.2d 1201 (Fla. 1989). In Rhodes, we held that playing a tape recording of a prior victim, who was unavailable for cross-examination, describing her physical and emotional trauma and suffering was irrelevant, highly prejudicial and, therefore, inadmissible. Rhodes, 547 So.2d at 1205.
The transcript of Fuller's testimony was admissible for two reasons. First, the transcript qualifies under the former testimony exception to the hearsay rule. § 90.804(2)(a), Fla. Stat. (1991). Under this exception, if a declarant is unavailable as a witness, testimony given by the declarant at another proceeding is admissible if the party against whom the testimony is now offered had an opportunity to cross-examine the declarant. Since Fuller was unavailable as a witness at the trial in this case, and Henry had an opportunity to rebut her testimony during the first trial, we find that the transcript falls within this exception. Next, this Court has specifically held that details of prior felony convictions involving the use of violence to the victim are admissible in the penalty phase of the trial. Waterhouse v. State, 596 So.2d 1008 (Fla.), cert. denied, ___ U.S. ___, 113 S.Ct. 418, 121 L.Ed.2d 341 (1992). Fuller was an eyewitness to the altercation between Henry and Roddy which led up to Roddy's murder as well as to the murder itself. Such testimony is unlike the emotionally charged hearsay testimony made by a prior victim who was unavailable for cross-examination and found inadmissible in Rhodes. Therefore, we do not find that the trial court abused its discretion in admitting the transcript.
*1369 Henry further argues that the testimony concerning the autopsy report of the Roddy murder was unnecessary to establish the aggravating factor of prior violent felony. We are inclined to agree with Henry on this point. Other testimony concerning the Roddy murder was more than sufficient to establish the aggravating circumstance that Henry had previously been convicted of a violent felony.[4]See Rhodes, 547 So.2d at 1205 n. 6. However, because there is no reasonable possibility that the outcome of the trial would have been different in the absence of this error, we find it to be harmless. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Henry next argues that since the trial court did not find that the murder was committed during the course of a felony, the court erred in instructing the jury on this aggravating factor. We reject Henry's argument. If evidence of an aggravating factor has been presented to a jury, an instruction on the factor is required. Bowden v. State, 588 So.2d 225, 231 (Fla. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1596, 118 L.Ed.2d 311 (1992). The fact that the aggravator was not ultimately found to exist does not mean there was insufficient evidence to allow the jury to consider the factor. Id. In the instant case, testimony was presented at trial that Suzanne Henry had gold jewelry which she kept in her jewelry box or purse and that the jewelry was missing after the murder. Evidence was also presented that Henry did not have any money immediately prior to the murder, but shortly thereafter purchased cocaine. Henry's girlfriend testified that Henry had sold some jewelry to purchase the cocaine. We find that the foregoing constitutes sufficient evidence to present the issue of murder during the commission of a felony to the jury. Even if there was no basis for the aggravator, any error would be harmless because the jury was properly instructed and the trial court did not find that the circumstance existed. Sochor v. Florida, 504 U.S. 527, 112 S.Ct. 2114, 119 L.Ed.2d 326 (1992); Johnson v. Singletary, 612 So.2d 575 (Fla.), cert. denied, ___ U.S. ___, 113 S.Ct. 2049, 123 L.Ed.2d 667 (1993).
We also reject Henry's argument that the trial judge failed to properly consider all the mitigating evidence presented by the defense. The judge pointed out in the sentencing order that none of the doctors who testified at the trial believed that the statutory mental mitigating circumstances applied to Henry. Further, there is no indication that the judge failed to consider any nonstatutory mitigation brought to his attention by the defense, and the minimal evidence Henry now points to as mitigating could hardly ameliorate the enormity of his guilt. Lucas v. State, 568 So.2d 18 (Fla. 1990).
Henry's argument that the evidence did not support the finding that the murder was especially heinous, atrocious, or cruel also fails. Testimony shows that Henry sat on Suzanne Henry, beat her, and held her head back while he stabbed her thirteen times in the neck. Testimony also revealed that Suzanne Henry was conscious from three to five minutes after the last wound was inflicted. This Court has consistently held that the heinous, atrocious, or cruel factor applies to murders where the victim was repeatedly stabbed. Floyd v. State, 569 So.2d 1225 (Fla. 1990), cert. denied, 501 U.S. 1259, 111 S.Ct. 2912, 115 L.Ed.2d 1075 (1991); Nibert v. State, 508 So.2d 1 (Fla. 1987); Lusk v. State, 446 So.2d 1038 (Fla.), cert. denied, 469 U.S. 873, 105 S.Ct. 229, 83 L.Ed.2d 158 (1984). Given the facts of the case at bar, the trial court properly found this aggravating circumstance.
We also disagree with Henry's claim that his death sentence is disproportionate to his crime because of the mitigating evidence he introduced. As stated above, the trial court did not err in rejecting that evidence. Henry also argues that because the killing resulted from a domestic dispute, the death penalty is inappropriate. However, under *1370 the circumstances of this case, and in comparison with other death cases, we find Henry's death sentence to be proportionate. See, e.g., Lemon v. State, 456 So.2d 885 (Fla. 1984) (defendant killed ex-girlfriend after previous conviction for similar offense), cert. denied, 469 U.S. 1230, 105 S.Ct. 1233, 84 L.Ed.2d 370 (1985); King v. State, 436 So.2d 50 (Fla. 1983) (defendant killed wife who was seeking divorce, with the Court finding two aggravating and no mitigating factors) cert. denied, 466 U.S. 909, 104 S.Ct. 1690, 80 L.Ed.2d 163 (1984); Harvard v. State, 414 So.2d 1032 (Fla. 1982) (defendant killed former wife and Court found two aggravating and no mitigating factors), cert. denied, 459 U.S. 1128, 103 S.Ct. 764, 74 L.Ed.2d 979 (1983).
We therefore affirm the conviction of first-degree murder and the sentence of death.
It is so ordered.
GRIMES, C.J., OVERTON, SHAW, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.
NOTES
[1] On retrial for the murder of Eugene Christian, Henry was also again convicted of first-degree murder and sentenced to death. The subsequent appeal for that conviction and sentence is discussed in another opinion. Henry v. State, 649 So.2d 1361 (Fla. 1994).
[2] The trial court found that: (1) Henry had previously been convicted of a violent felony; and (2) the murder was especially heinous, atrocious or cruel.
[3] In 1976 Henry pled guilty to second-degree murder for the stabbing death of Patricia Roddy.
[4] In addition to the Fuller transcript and the medical examiner's testimony, the State also introduced the testimony of Gloria Nix who was an eyewitness to Roddy's killing as well as the testimony of Leonard Harris, the police investigator who investigated the Roddy crime scene. Also, Detective Fay Wilber, who arrested Henry for Roddy's murder, testified that Henry had pled guilty and been convicted of second-degree murder.