967 So.2d 178 (2007)
In re AMENDMENTS TO THE FLORIDA RULES OF CIVIL PROCEDURE, THE FLORIDA RULES OF CRIMINAL PROCEDURE, THE STANDARD JURY INSTRUCTIONS IN CIVIL CASES, AND THE STANDARD JURY INSTRUCTIONS IN CRIMINAL CASESIMPLEMENTATION OF JURY INNOVATIONS COMMITTEE RECOMMENDATIONS.
No. SC05-1091.
Supreme Court of Florida.
October 4, 2007.
Corinne Cotton Hodak, Chair, Jacksonville, FL, and Keith H. Park, Past Chair, the Civil Procedure Rules Committee, West Palm Beach, FL; H. Scott Fingerhut, Chair, Miami, FL, and the Honorable Thomas H. Bateman, Past Chair, Criminal Procedure Rules Committee, Second Judicial Circuit, Tallahassee, FL; Scott D. Makar, Chair, Standard Jury Instructions Rules Committee in Civil Cases, Office of General Counsel, Jacksonville, FL, and the Honorable Ralph Artigliere, Past Chair, Tenth Judicial Circuit, Bartow, FL; the Honorable O.H. Eaton, Jr., Chair, Criminal Court Steering Committee, Eighteenth Judicial Circuit, Sanford, FL; the Honorable Terry David Terrell, Chair, Standard Jury Instructions in Criminal Cases, First Judicial Circuit, Pensacola, FL, and Bill Cervone, Past Chair, Office of State Attorney, Eighth Judicial Circuit, Gainesville, FL; the Honorable Robert T. Benton, II, Chair, Rules of Judicial Administration Committee, First District Court of Appeal, Tallahassee, FL, and Katherine E. Giddings of Akerman Senterfitt, Tallahassee, FL, for Petitioners.
*179 Michael Ufferman, P.A. and Paula S. Saunders, Office of Public Defender, Tallahssee, FL, on behalf of Florida Association of Criminal Defense Lawyers; Bill Wagner, Tampa, FL; Bill Wagner, Tampa, FL; the Honorable Kathleen F. Dekker, Second Judicial Circuit, Tallahassee, FL; the Honorable Nancy A. Daniels, Office of Public Defender, Tallahassee, FL, on behalf of the Florida Public Defender Association; Daniel S. Ciener, Merritt Island, FL; the Honorable David A. Glant, Eighth Judicial Circuit, Gainesville, FL; Brian L. Tannebaum and Milton Hirsch, Miami, FL, on behalf of Florida Association of Criminal Defense Lawyers  Miami Chapter; the Honorable Dale Ross, Seventeenth Judicial Circuit, Fort Lauderdale, FL; Arthur I. Jacobs of Jacobs and Associations, P.A., Fernandina Beach, FL, on behalf of the Florida Prosecuting Attorneys Association; John F. Harkness, Jr., Executive Director, the Florida Bar, Tallahassee, FL, and George Euripedes Tragos, Past Chair, Criminal Procedure Rules Committee, Clearwater, FL, Responding with comments.
WELLS, J.
We have for consideration a number of proposed amendments to court rules and standard jury instructions. We have jurisdiction. See art. V, § 2(a), Fla. Const.

I. BACKGROUND
In November 1999, the Jury Innovations Committee (Committee) of this Court's Judicial Management Council embarked on the most comprehensive review and thorough evaluation of Florida's jury system in the history of this state. The Committee, appointed by then Chief Justice Major B. Harding, consisted of twenty-two members, who were broadly representative of the many groups interested in and affected by Florida's civil and criminal jury system. Members included judges from the district, circuit, and county courts, a state attorney, a public defender, a clerk of court, a trial court administrator, a jury coordinator, a professor of criminal justice, members of The Florida Bar, a former state senator, and four former jurors, one from a high-profile case. This Committee identified and reviewed, among other things, the current use of juries, issues facing jury managers, accessibility issues, and proposals for jury improvement and innovations in other states.
The Committee began its task with the challenge not to adhere to the status quo but instead to advocate reform and innovations. After reviewing every aspect of our jury system, the Committee ultimately submitted a final report to this Court containing comprehensive recommendations for improving Florida's jury system. After considering the Committee's final report, the Court referred, either for implementation or for consideration and recommendation, a number of the Jury Innovations Committee's recommendations to the Civil Procedure Rules Committee, the Criminal Procedure Rules Committee, the Rules of Judicial Administration Committee, the Committee on Standard Jury InstructionsCriminal (Criminal Jury Instructions Committee), the Committee on Standard Jury InstructionsCivil (Civil Jury Instructions Committee), and the Code and Rules of Evidence Committee. In re Final Report of Jury Innovations Committee, Fla. Admin. Order No. AOSC03-041 (Oct.17, 2003). The Court later referred one of the Committee's recommendations to the Criminal Court Steering Committee for implementation. Specifically, the recommendations that were referred to one or more committees were as follows:
Standardized Juror Questionnaires
Pre-voir dire questionnaires are desirable and beneficial. Model questionnaires *180 should be developed for both civil and criminal cases, enabling lawyers to have a preview of jurors' backgrounds. In-court voir dire can then be limited to case-specific inquiries (subject to reasonable time limitations imposed by the court) and any follow-up questions necessary to clarify written answers.
Questions by Jurors
Jurors in both civil and criminal trials should be permitted to submit to the judge written questions to be asked of witnesses by the judge. The judge has the discretion to determine which jury questions are to be asked of witnesses. The Supreme Court should incorporate this right into the rules of civil and criminal procedure.
Note-Taking by Jurors
Jurors in both civil and criminal trials should be permitted to take notes and be advised they may do so. This right should be incorporated into the rules of civil and criminal procedure. Such rules would clarify that juror notes may be taken with them from the courtroom to the jury room. These notes may be shared with other jurors, but must be destroyed after the verdict is delivered. Appropriate jury instructions must be given.
Juror Notebooks
Juror notebooks, which can serve a useful function (especially in civil cases) in lengthy and complex trials, should be specifically authorized by court rule.
Juror Time Management
American Bar Association (ABA) Standard 13: Juror Use should be adopted as a rule of judicial administration.[1]
Written Jury Instructions
Copies of the written jury instructions should be given to jurors for their use during deliberations.
Final Instructions Before Closing Arguments
Judges should be encouraged to deliver their final instructions to the jury before closing arguments.
Judicial Answers to Deliberating Jurors' Questions
Trial judges should be as responsive as possible and fully answer deliberating jurors' questions, consistent with applicable case law. The trial judge, when possible, should not ask jurors to rely on their "collective memory" when the judge is faced with questions from a deliberating jury, but rather respond more directly to their inquiries.
Read-Back of Testimony
The Supreme Court should develop specific criteria for denying a read-back request. Such criteria could include relevant factors, such as whether the requested testimony is too lengthy or too vague. While the trial judge should have discretion in granting or denying the read-back of testimony, such a read-back should not be denied unless the court finds that one of the criteria, such as excessive length or vagueness, is met.
Juror Impasse
Trial judges in criminal and civil cases should be allowed to assist deliberating juries in reaching a verdict where an Allen charge has been given and the *181 jury continues to report that they are deadlocked. Jurors should know exactly what can occur if they cannot reach a verdict, that is, what a mistrial actually means.
Post-Verdict Discussions
Judges should advise jurors of their rights regarding post-verdict discussions at the conclusion of a trial. This issue should become institutionalized through the judicial educational component of both the New Judges College and the Advanced College for Judicial Education. Experienced trial judges, acting as instructors at these respective colleges, can provide valuable insight and information to fellow judges regarding post-verdict discussions.
The various committees have now submitted their reports in response to these recommendations, most of which propose various amendments to court rules or standard jury instructions. The proposed amendments were published for comment, and a number of comments were received. Some of the Jury Innovations Committee's recommendations received adverse comments from various committees that submitted reports or those who commented on the proposed amendments.

II. AMENDMENTS
Upon consideration of the reports submitted by the various committees, the comments filed in response to the publication of the proposed amendments, and the presentations of the parties during the two oral arguments heard in this case, we adopt the following amendments to court rules and authorize new and revised jury instructions in response to the Jury Innovations Committee's recommendations.

A. Standardized Juror Questionnaires
As noted, the Jury Innovations Committee recommended the development of juror questionnaires for use in both civil and criminal cases. The Florida Rules of Civil Procedure currently contain a standard juror questionnaire, form 1.984Juror Voir Dire Questionnaire. We conclude that this form is adequate for use in civil cases, and we adopt new Florida Rule of Criminal Procedure 3.9855Juror Voir Dire Questionnaire, as proposed by the Criminal Procedure Rules Committee, for use in criminal cases. The use of these forms shall be at the discretion of the chief judge of each circuit court.

B. Questions by Jurors
In response to the Jury Innovations Committee's recommendation with regard to questions by jurors, we adopt new civil and criminal rules and authorize the publication and use of new civil and criminal jury instructions. New Florida Rule of Civil Procedure 1.452 requires a court to permit jurors to submit written questions directed to witnesses or the court and provides the procedure for doing so.[2] New Florida Rule of Criminal Procedure 3.371 provides the trial court with discretion to permit juror questions during the trial under a similar procedure as set forth in the corresponding civil rule. New standard civil instruction 1.13 and new standard criminal instruction 2.13 explain the procedure to the jury.

C. Juror Note-taking
As noted, the Jury Innovations Committee recommended that jurors in both civil and criminal trials should be permitted to take notes and be advised they may do so. To accomplish this purpose, we authorize the publication and use of revised standard civil instruction 1.8, as proposed by the Civil Jury Instructions Committee. We *182 also authorize the publication and use of an identical criminal instruction, new standard criminal instruction 1.6. The revised civil and new criminal instructions inform jurors that they may but are not required to take notes during the trial, give guidance on the use of notes, and advise the jurors that their notes will be destroyed once the trial is completed. We also authorize a revision to standard civil instruction 7.2 regarding the use of notes during deliberations.
Finally, as proposed by the Rules of Judicial Administration Committee, we add new subdivision (l) to Florida Rule of Judicial Administration 2.430Retention of Court Records. This new subdivision requires the court, at the conclusion of the trial and promptly following discharge of the jury, to collect juror notes and immediately destroy them.

D. Juror Notebooks
To implement the Jury Innovations Committee's recommendation that juror notebooks be authorized by court rule, we adopt new Florida Rule of Civil Procedure 1.455Juror Notebooks and an identical criminal rule, new Florida Rule of Criminal Procedure 3.372Juror Notebooks. We also amend civil rule 1.200(b) to add the potential use of juror notebooks to the list of issues to be addressed at the pretrial conference.

E. Juror Time Management
The Jury Innovations Committee's recommendation with regard to juror time management recognizes research that shows juror satisfaction is directly linked to how efficiently juror time is managed. In keeping with this recognition, we adopt new Florida Rule of Judicial Administration 2.256Juror Time Management. This new rule incorporates the provisions of the American Bar Association Standards Relating to Juror Use and Management and is meant to provide meaningful guidance to the courts on how to achieve the most efficient use of juror time.

F. Written Jury Instructions
To implement the Jury Innovations Committee's recommendation regarding written jury instructions, we amend Florida Rule of Civil Procedure 1.470(b) and Florida Rules of Criminal Procedure 3.390(b) and 3.400 to require the court to provide the jury with a written set of instructions for use in deliberations.

G. Final Instructions Before Closing Arguments
As noted, the Jury Innovations Committee recommended that judges be encouraged to give final instructions to the jury before closing arguments. We agree that there are advantages to doing so and that this procedure should be encouraged.[3] However, we conclude that the timing of instructions should ultimately be left to the discretion of the trial judge on a case-by-case basis. Accordingly, we amend Florida Rule of Civil Procedure 1.470(b) to allow a trial judge to orally instruct the jury either before or after closing arguments and provide appropriate instructions during the trial. If instructions are given prior to final argument, the amended rule directs the trial judge to give final procedural instructions after final arguments and before deliberations. A similar amendment is made to Florida Rule of Criminal Procedure 3.390(a).[4]

*183 H. Judicial Answers to Deliberating Jurors' Questions
In response to the Jury Innovations Committee's recommendation that judges be as responsive as possible to deliberating jurors' questions, we authorize the publication and use of new standard civil instruction 7.3(a)Answers to Juror Inquiries During Deliberations, as proposed by the Civil Jury Instructions Committee. This new instruction provides a format for judges to follow in recognizing and answering or, where appropriate, not answering juror questions.[5] We also authorize an identical criminal instruction, new standard criminal instruction 4.3.

I. Read Back of Testimony
The Jury Innovations Committee recommended that the Court develop specific criteria for the denial of a juror request to read back portions of the trial testimony. However, in its response to this recommendation, the Civil Procedure Rules Committee declined to propose a rule on this subject, correctly pointing out that current Florida case law gives trial judges broad discretion in deciding whether to read back testimony. See, e.g., Francis v. State, 808 So.2d 110, 130 (Fla.2001) (finding no abuse of discretion where trial court told jury that reading back of testimony would take three hours and then left it up to the jury to decide); State v. Riechmann, 777 So.2d 342 (Fla.2000); Henry v. State, 649 So.2d 1361, 1365 (Fla.1994); Miller v. State, 605 So.2d 492, 495 (Fla. 3d DCA 1992) (finding no abuse of discretion where court reporter did not have her notes with her); DeCastro v. State, 360 So.2d 474 (Fla. 3d DCA 1978) (finding no abuse of discretion where it was not practical because testimony was extensive and court reporter was physically exhausted). We conclude that trial judges should continue to have broad discretion in denying read-back requests. Accordingly, we decline to adopt any rule in this respect.
We do, however, authorize the publication and use of new civil and criminal jury instructions addressing the read-back of testimony. New standard civil instruction 7.3(b) provides a framework for acknowledging and either granting, deferring, or denying a jury's request for a read-back of testimony. For use in criminal trials, we authorize an identical criminal instruction, new standard criminal instruction 4.4.

J. Juror Impasse
Both the Civil Jury Instructions Committee and the Criminal Jury Instructions Committee opposed the Jury Innovations Committee's recommendation with regard to a more active judicial role in overcoming a juror impasse. We defer to the jury instructions committees' expertise on this matter and decline to adopt any amendments to the current standard jury instructions.

K. Post-Verdict Discussions
In response to the Jury Innovations Committee's recommendation that judges advise jurors of their rights regarding post-verdict discussions at the conclusion of a trial, we agree with the recommendation of the Civil Jury Instructions Committee that current standard civil instruction 7.4Instructions Upon Discharge of Jury is sufficient. We authorize the publication and use of revised standard criminal instruction 4.2Instruction Upon Discharge of Jury as proposed by the Criminal Jury Instructions Committee.

*184 CONCLUSION

Accordingly, we hereby amend the Florida Rules of Civil Procedure, the Florida Rules of Judicial Administration, and the Florida Rules of Criminal Procedure, as reflected in the appendix to this opinion. New language is indicated by underlining, and deleted language is struck through. The amendments shall become effective on January 1, 2008, at 12:01 a.m.
We also authorize the publication and use of the new and revised civil and criminal jury instructions as set forth in the appendix to this opinion. In so doing, we express no opinion on the correctness of the instructions and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any notes and comments associated with the instructions reflect only the opinion of the Civil or Criminal Jury Instructions Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining, and deleted language is struck through. Like the court rule amendments, the new and revised instructions shall become effective on January 1, 2008, at 12:01 a.m.
Finally, we wish to acknowledge the hard work and dedication of the Jury Innovations Committee, particularly by its Chair, the Honorable Robert Shevin of the Third District Court of Appeal,[6] in bringing to this Court its comprehensive recommendations for innovation and improvement of the jury system in Florida. We also wish to thank the Civil Procedure Rules Committee, the Criminal Procedure Rules Committee, the Rules of Judicial Administration Committee, the Civil Jury Instructions Committee, the Criminal Jury Instructions Committee, the Criminal Court Steering Committee, and the Code and Rules of Evidence Committee for their thoughtful consideration, recommendations, and insight into the issues referred to them. The fruits of the labor of all of those who have participated in this matter will be gleaned by the citizens of this state in the form of a more meaningful and satisfying jury experience, as well as a more efficient and more effective jury system overall.
It is so ordered.
LEWIS, C.J., and ANSTEAD, PARIENTE, and CANTERO, JJ., concur.
QUINCE and BELL, JJ., concur in part and dissent in part with an opinion.
QUINCE, J., concurring in part and dissenting in part.
While I agree with many of the changes suggested by the various committees and adopted by this Court, I cannot agree in the areas of juror questioning and juror note-taking. I would not adopt the proposal to allow questions by the jury. I strongly believe that it is the responsibility of the parties through their attorneys to present the evidence to the jury in the form of their questions and the physical and demonstrative evidence. In addition, I would not allow jurors to take notes except in cases where the trial exceeds three days. The collective memory of the jurors should not become what one juror may have written down.
BELL, J., concurring in part and dissenting in part.
I fully concur with all but one of the innovative changes adopted in the majority *185 opinion. As adopted, Florida Rule of Civil Procedure 1.452Questions by Jurors mandates that in every civil jury trial the court must allow "jurors to submit to the court written questions directed to witnesses or to the court." I agree that jurors in civil cases generally should be permitted to submit such questions. However, I also agree with what the Civil Procedure Rules Committee characterized as its "strong recommendation" that, as in new Florida Rule of Criminal Procedure 3.371, this rule should be permissive rather than mandatory.

APPENDIX

FLORIDA RULES OF CIVIL PROCEDURE
RULE 1.200. PRETRIAL PROCEDURE
(a) [No change]
(b) Pretrial Conference. After the action is at issue the court itself may or shall on the timely motion of any party require the parties to appear for a conference to consider and determine:
(1) the simplification of the issues;
(2) the necessity or desirability of amendments to the pleadings;
(3) the possibility of obtaining admissions of fact and of documents that will avoid unnecessary proof;
(4) the limitation of the number of expert witnesses; and
(5) the potential use of juror notebooks; and
(6) any matters permitted under subdivision (a) of this rule.
(c)-(d) [No change]

Committee Notes

[No change]

Court Commentary

[No change]
RULE 1.452. QUESTIONS BY JURORS
(a) Questions Permitted. The court shall permit jurors to submit to the court written questions directed to witnesses or to the court. Such questions will be submitted after all counsel have concluded their questioning of a witness.
(b) Procedure. Any juror who has a question directed to the witness or the court shall prepare an unsigned, written question and give the question to the bailiff, who will give the question to the judge.
(c) Objections. Out of the presence of the jury, the judge will read the question to all counsel, allow counsel to see the written question, and give counsel an opportunity to object to the question.
RULE 1.455. JUROR NOTEBOOKS
In its discretion, the court may authorize documents and exhibits to be included in notebooks for use by the jurors during trial to aid them in performing their duties.
RULE 1.470. EXCEPTIONS UNNECESSARY; JURY INSTRUCTIONS
(a) [No change]
(b) Instructions to Jury. Not later than at the close of the evidence, the parties shall file written requests that the court chargeinstruct the jury on the law set forth in such requests. The court shall then require counsel to appear before it to settle the chargesinstructions to be given. At such conference, all objections shall be made and ruled upon and the court shall inform counsel of such chargesinstructions as it will give. No party may assign as error the giving of any chargeinstruction *186 unless that party objects thereto at such time, or the failure to give any chargeinstruction unless that party requested the same. The court shall orally charge instruct the jury before or after the arguments are completed and, when practicable, shall furnish a copy of its charges to the juryof counsel and may provide appropriate instructions during the trial. If the instructions are given prior to final argument, the presiding judge shall give the jury final procedural instructions after final arguments are concluded and prior to deliberations. The court shall provide each juror with a written set of the instructions for his or her use in deliberations. The court shall file a copy of such instructions.
(c) [No change]

Committee Notes
1988 Amendment. The word "general" in the third sentence of subdivision (b) was deleted to require the court to specifically inform counsel of the changescharges it intends to give. The last sentence of that subdivision was amended to encourage judges to furnish written copies of their charges to juries.

FLORIDA RULES OF JUDICIAL ADMINISTRATION
RULE 2.256. JUROR TIME MANAGEMENT
(a) Optimum Use. The services of prospective jurors should be employed so as to achieve optimum use with a minimum of inconvenience to jurors.
(b) Minimum Number. A minimally sufficient number of jurors needed to accommodate trial activity should be determined. This information and appropriate management techniques should be used to adjust both the number of individuals summoned for jury duty and the number assigned to jury panels, consistent with any administrative orders issued by the Chief Justice.
(c) Courtroom Assignment. Each prospective juror who has reported to the courthouse should be assigned a courtroom for voir dire before any prospective juror is assigned a second time.
(d) Calendar Coordination. Jury management and calendar management should be coordinated to make effective use of jurors.
RULE 2.430. RETENTION OF COURT RECORDS
(a)-(k) [No change]
(l) Destruction of Jury Notes. At the conclusion of the trial and promptly following discharge of the jury, the court shall collect all juror notes and immediately destroy the juror notes.

FLORIDA RULES OF CRIMINAL PROCEDURE
RULE 3.371. JUROR QUESTIONS OF WITNESSES
(a) Judicial Discretion. At the discretion of the presiding trial judge, jurors may be allowed to submit questions of witnesses during the trial.
(b) Procedure. The trial judge shall utilize the following procedure if a juror indicates that the juror wishes to ask a question:
(1) the questions must be submitted in writing;
(2) the trial judge shall review the question outside the presence of the jury;
(3) counsel shall have an opportunity to object to the question outside the presence of the jury;
(4) counsel shall be allowed to ask follow up questions; and
(5) the jury must be advised that if a question submitted by a juror is not allowed *187 for any reason, the juror must not discuss it with the other jurors and must not hold it against either party.
RULE 3.372. JUROR NOTEBOOKS
In its discretion, the court may authorize documents and exhibits to be included in notebooks for use by the jurors during trial to aid them in performing their duties.
RULE 3.390. JURY INSTRUCTIONS
(a) Subject of Instructions. The presiding judge shall charge instruct the jury only on the law of the case at the conclusion of before or after the argument of counsel and may provide appropriate instructions during the trial. If the instructions are given prior to final argument, the presiding judge shall give the jury final procedural instructions after final arguments are concluded and prior to deliberations. Except in capital cases, the judge shall not instruct the jury on the sentence that may be imposed for the offense for which the accused is on trial.
(b) Form of Instructions. EveryThe charge instruction to a jury shall be orally delivered, and charges in capital cases shall, and in the discretion of the court in noncapital cases may, also be in writing. All written charges instructions shall also be filed in the cause. Charges in other than capital cases shall be taken by the court reporter and, if the jury returns a verdict of guilty, transcribed by the court reporter and filed in the cause.
(c)-(e) [No change]

Committee Notes

[No change]
RULE 3.400. MATERIALS TO THE JURY ROOM
(a) Discretionary Materials. The court may permit the jury, upon retiring for deliberation, to take to the jury room:
(1) a copy of the charges against the defendant;
(2) forms of verdict approved by the court, after being first submitted to counsel;
(3) in noncapital cases, any instructions given, but if any instruction is taken all the instructions shall be taken;
(4) all things received in evidence other than depositions. If the thing received in evidence is a public record or a private document which, in the opinion of the court, ought not to be taken from the person having it in custody, a copy shall be taken or sent instead of the original.
(b) Mandatory Materials. In capital cases, tThe court must provide the jury, upon retiring for deliberation, with a written copy of allthe instructions given to take to the jury room.

Committee Notes

[No change]
RULE 3.9855. JUROR VOIR DIRE QUESTIONNAIRE
 JUROR VOIR DIRE QUESTIONNAIRE
1. Name and date of birth ________________________________________________________
2. What city, town or area of the county do you live in?
 Zip code _________________
3. Years of residence: In Florida _________
 In this county ______
*188
4. Former residence ______________________________________________________________
5. Marital status (married, single, divorced, widow, or widower) _______
6. Your occupation and employer __________________________________________________
 __________________________________________________________________________________________
7. If you are not now employed, give your last occupation and employer
 __________________________________________________________________________________________
 __________________________________________________________________________________________
8. If married, name and occupation of spouse
 __________________________________________________________________________________________
 __________________________________________________________________________________________
9. Have you ever served as a juror before? yes ____ no ____
 If yes, civil ____ criminal ____
 Did the jury reach a verdict? yes ____ no ____
 Were you the foreperson? yes ____ no ____
10. If you have children, give the age, sex and occupation of those children
 _________________________________________________________________________________________
 _________________________________________________________________________________________
11. Are you either a close friend or relative of any law enforcement officer? _____
12. Have you, a close friend, or family member been the victim of a crime? _____
13. Have you, a close friend, or family member been arrested or accused of a crime? _____

FLORIDA STANDARD JURY INSTRUCTIONS IN CIVIL CASES

1.8

NOTE-TAKING BY JURORS
a. Note-taking permitted
If you would like to take notes during the trial, you may do so. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you individually.
You will be provided with a note pad and a pen for use if you wish to take notes. Any notes that you take will be for your personal use. However, you should not take them with you from the courtroom. During recesses, the bailiff will take possession of your notes and will return them to you when we reconvene. After you have completed your deliberations, the bailiff will deliver your notes to me. They will be destroyed. No one will ever read your notes.
If you take notes, do not get so involved in note-taking that you become distracted from the proceedings. Your notes should be used only as aids to your memory.
Whether or not you take notes, you should rely on your memory of the evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than each juror's memory of the evidence.

NOTES ON USE
1. It is within the court's discretion to allow the jurors to take notes. Kelley v. State, 486 So.2d 578 (Fla.1986). If note-taking is allowed, tThe court should furnish all jurors with the necessary pads and pens for taking notes. Additionally, it may *189 be desirable for jurors to be furnished with envelopes to place the notes in for additional privacy.
2. Note-taking permitted, 1.8a, should be given as part of preliminary instructions when the judge has decided to allow jurors to take notes.
b. Note-taking not permitted.
A question has arisen as to whether jurors may take notes. You are instructed not to take notes. One of the reasons for having several persons on the jury is to gain the advantage of your individual memories concerning the evidence. A juror engrossed in note-taking may miss evidence or fail to appreciate the demeanor of a witness. Additionally, there may be a tendency for jurors to rely on others' notes and be less attentive during the trial or during deliberations to abandon their recollections of the evidence in favor of the written notes of another.

NOTES ON USE OF 1.8b
Note-taking not permitted, 1.8b, may be given at any time during the trial the question is raised or as part of the preliminary instructions.

1.13

QUESTIONS BY JURORS
During the trial, you may have a question you think should be asked of a witness. If so, there is a procedure by which you may request that I ask the witness a question. After all the attorneys have completed their questioning of the witness, you should raise your hand if you have a question. I will then give you sufficient time to write the question on a piece of paper, fold it, and give it to the bailiff, who will pass it to me. You must not show your question to anyone or discuss it with anyone.
I will then review the question with the attorneys. Under our law, only certain evidence may be considered by a jury in determining a verdict. You are bound by the same rules of evidence that control the attorneys' questions. If I decide that the question may not be asked under our rules of evidence, I will tell you. Otherwise, I will direct the question to the witness. The attorneys may then ask follow-up questions if they wish. If there are additional questions from jurors, we will follow the same procedure again.
By providing this procedure, I do not mean to suggest that you must or should submit written questions for witnesses. In most cases, the lawyers will have asked the necessary questions.

2.1

INTRODUCTORY INSTRUCTION
Members of the jury, I shall now instruct you on the law that you must follow in reaching your verdict[s]. It is your duty as jurors to decide the issues, and only those issues, that I submit for determination by your verdict. In reaching your verdict, you should consider and weigh the evidence, decide the disputed issues of fact, and apply the law on which I shall instruct you, to facts as you find them from the evidence.
The evidence in this case consists of the sworn testimony of the witnesses, all exhibits received in evidence, [and] all facts that may be admitted or agreed to by the parties [, and any fact of which the court has taken judicial notice (explain as necessary)].
In determining the facts, you may draw reasonable inferences from the evidence. You may make deductions and reach conclusions which reason and common sense lead you to draw from the facts shown by the evidence in this case. But you should *190 not speculate on any matters outside the evidence.

NOTE ON USE
Each juror should be provided with a full set of jury instructions for use during their deliberations. The trial judge may find it useful to provide these instructions to the jurors when the judge reads the instructions in open court so that jurors can read along with the judge, as the judge read the instructions aloud.

7.1

PREJUDICE AND SYMPATHY JUDGE NOT INVOLVED
In reaching your verdict[s], you are not to be swayed from the performance of your duty by prejudice, sympathy or any other sentiment for or against any party. Your verdict[s] must be based on the evidence that has been received and the law on which I have instructed you.
Reaching a verdict is exclusively your job. I cannot participate in that decision in any way. You should not speculate about how I might evaluate the testimony of any witness or any other evidence in this case, and you should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.

NOTE ON USE
When final instructions are read to the jury before the attorneys' closing arguments, this instruction should not be given at that time. It should be given following closing arguments, just before the jury retires to deliberate.

7.2

USE OF NOTES DURING DELIBERATIONS; ELECTION OF FOREMAN; VERDICT FORMS
Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding or conclusive. For this reason, you should not be unduly influenced by anyone's notes, including your own, and you should not give greater weight to a particular piece of evidence or testimony merely because it is mentioned in a juror's notes.
Your notes are not a substitute for your own memory or that of other jurors. Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial. You should consider the recollections of other jurors, but you need not abandon your own recollection of the evidence and testimony merely because your recollection differs from the written notes of another juror. At the conclusion of the trial, the bailiff will collect all of your notes and immediately destroy them. No one will ever read your notes.
When you retire to the jury room, you should select one of your number to act as foreman [or forewoman]the foreperson to preside over your deliberations and sign your verdict[s]. Your verdict[s] must be unanimous, that is, your verdict[s] must be agreed to by each of you.
You will be given (state the number) forms of verdict, which I shall now read to you:
[If you find for the plaintiff[s], your verdict will be in the following form: (read form of verdict).]
*191 [If you find for the defendant[s], your verdict will be in the following form: (read form of verdict).]
When you have agreed on your verdict[s], the foreman [or forewoman]fore-person, acting for the jury, should date and sign the appropriate form[s] of verdict.
If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split or the reason for the communication.
You may now retire to consider your verdict[s].

NOTES ON USE
1. Because there seems to be no uniform practice among the circuits whereby exhibits are delivered to the jury when it retires to consider the verdict, the committee makes no recommendation on that subject. The committee does recommend, however, that the court at least inform the jury at the time that the exhibits are available for inspection by the jury.
2. When final instructions are read to the jury before the attorneys' closing arguments, this instruction should not be given at that time. It should be given following closing arguments, just before the jury retires to deliberate.

COMMENT
Quotient verdict. The committee recommends that no instruction generally be given to admonish the jury against returning a "quotient verdict."

7.3(a)

ANSWERS TO JUROR INQUIRIES DURING DELIBERATIONS
Members of the jury, I have discussed your [note][question] with the attorneys. You have [asked the following question][made the following request]:
(read juror's note)
If I have not read your [note][question] correctly, please raise your hand.
(clarify question as needed)
1. The answer is:
(respond to question)
OR
2. I am not able to [answer][respond to] this [question][request] because it [calls for information that is not in evidence][is not proper to be considered in this case] (other reason why question or request is improper). Your decision must be based only on the evidence presented in the trial and the law that I have given you. [If you have any other specific questions, please send another note, and I will see if I can answer it.] (other appropriate response)

NOTES ON USE OF 7.3(a)
1. The procedure contained in 7.3(a) assumes that a juror question or request will be in writing. Oral questions from jurors are discouraged.
2. In responding to a juror's question or request, the court should answer as specifically as possible. To avoid inadvertent error, it is a good practice to prepare a written answer with the assistance of the attorneys and then read this answer to the jury.
3. All written questions and answers should be preserved and placed in the court file.

7.3(b)

READ-BACK OF TESTIMONY
1. Read-Back granted as requested
Members of the jury, you have asked that the following testimony be read back to you: (describe testimony)
*192 The court reporter will now read the testimony which you have requested.
OR
2. Read-Back Deferred
Members of the jury, I have discussed with the attorneys your request to have certain testimony read back to you. It will take approximately (amount of time) to have the court reporter prepare and read back the requested testimony.
I now direct you to return to the jury room and discuss your request further. If you are not able to resolve your question about the requested testimony by relying on your collective memory, then you should write down as specific a description as possible of the part of the witness(es)' testimony which you want to hear again. Make your request for reading back testimony as specific as possible.
3. Read-Back Denied
Members of the jury, you have asked that the following testimony be read back to you: (describe testimony)
I am not able to grant your request.

NOTE ON USE
Any read-back of testimony should take place in open court. Transcripts or tapes of testimony should not be sent back to the jury room.

FLORIDA STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES

1.6

NOTE-TAKING BY JURORS
If you would like to take notes during the trial, you may do so. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you individually.
You will be provided with a note pad and a pen for use if you wish to take notes. Any notes that you take will be for your personal use. However, you should not take them with you from the courtroom. During recesses, the bailiff will take possession of your notes and will return them to you when we reconvene. After you have completed your deliberations, the bailiff will deliver your notes to me. They will be destroyed. No one will ever read your notes.
If you take notes, do not get so involved in note-taking that you become distracted from the proceedings. Your notes should be used only as aids to your memory.
Whether or not you take notes, you should rely on your memory of the evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than each juror's memory of the evidence.

NOTE ON USE
The court should furnish all jurors with the necessary pads and pens for taking notes. Additionally, it may be desirable for jurors to be furnished with envelopes to place the notes in for additional privacy.

2.13

QUESTIONS BY JURORS
To be given if a juror(s) indicates that the juror wishes to ask a question:
A juror has indicated that the juror wishes to ask a question of the witness. After the attorneys have completed their questioning of the witness, I will give sufficient time for the juror to write the question on the paper which you have been provided, fold it and give it to the bailiff, who will pass it to me. Please do not show your question to anyone or discuss it with anyone.
*193 I will then review the question with the attorneys. Under our law, only certain evidence may be considered by a jury in determining a verdict. You are bound by the same rules of evidence and procedure that control the attorneys' questions. If I decide that a question may not be asked under our rules of evidence or procedure, I will tell you. Otherwise, I will direct the question to the witness. The attorneys may ask follow-up questions.

4.2

INSTRUCTION UPON DISCHARGE OF JURY
Ladies and gentlemen, I wish to thank you for your time and consideration of this case.
I also wish to advise you of some very special privileges enjoyed by jurors.
No juror can ever be required to talk about the discussions that occurred in the jury room, except by court order. For many centuries, our society has relied upon juries for consideration of difficult cases. We have recognized for hundreds of years that a jury's deliberations, discussions, and votes should remain their private affair as long as they wish it. Therefore, the law gives you a unique privilege not to speak about the jury's work.
Although you are at liberty to speak with anyone about your deliberations, you are also at liberty to refuse to speak to anyone. A request to discuss either your verdict or your deliberations may come from those who are simply curious, or from those who might seek to find fault with you, from the media, from the attorneys, or elsewhere. It will be up to you to decide whether to preserve your privacy as a juror.
Upon the completion of the reading of this instruction, the jury should be discharged and no further discussion should be had at that time between the judge and the jurors or between the attorneys and jurors unless some question of irregularity in the jury procedures arises at that point. Fla.R.Crim.P. 3.451.

Comment
This instruction was adopted in 1981.

4.3

ANSWERS TO JUROR INQUIRIES DURING DELIBERATIONS
Members of the jury, I have discussed your [note][question] with the attorneys. You have [asked the following question][made the following request]:
(read juror's note)
If I have not read your [note][question] correctly, please raise your hand.
(clarify question as needed)
1. The answer is:
(respond to question)
OR
2. I am not able to [answer][respond to] this [question][request] because it [calls for information that is not in evidence][is not proper to be considered in this case] (other reason why question or request is improper). Your decision must be based only on the evidence presented in the trial and the law that I have given you. [If you have any other specific questions, please send another note, and I will see if I can answer it.] (other appropriate response)

NOTES ON USE OF 4.3
1. The procedure contained in 4.3 assumes that a juror question or request will be in writing. Oral questions from jurors are discouraged.
2. In responding to a juror's question or request, the court should answer as specifically as possible. To avoid inadvertent error, it is a good practice to prepare a written answer with the assistance of the attorneys and then read this answer to the jury.
*194 3. All written questions and answers should be preserved and placed in the court file.

4.4

READ-BACK OF TESTIMONY
1. Read-Back granted as requested
Members of the jury, you have asked that the following testimony be read back to you: (describe testimony)
The court reporter will now read the testimony which you have requested.
OR
2. Read-Back Deferred
Members of the jury, I have discussed with the attorneys your request to have certain testimony read back to you. It will take approximately (amount of time) to have the court reporter prepare and read back the requested testimony.
I now direct you to return to the jury room and discuss your request further. If you are not able to resolve your question about the requested testimony by relying on your collective memory, then you should write down as specific a description as possible of the part of the witness(es)' testimony which you want to hear again. Make your request for reading back testimony as specific as possible.
3. Read-Back Denied
Members of the jury, you have asked that the following testimony be read back to you: (describe testimony)
I am not able to grant your request.

NOTE ON USE
Any read-back of testimony should take place in open court. Transcripts or tapes of testimony should not be sent back to the jury room.
NOTES
[1] This recommendation refers to Standard 13 of the American Bar Association Standards Relating to Juror Use and Management (1993).
[2] This is consistent with section 40.50(3), Florida Statutes (2006).
[3] Current standard civil instruction 1.1 encourages this procedure.
[4] On the subjects of written jury instructions and final instructions before closing arguments, we also authorize notes on the use of standard civil instructions 2.1, 7.1, and 7.2, as proposed by the Civil Jury Instructions Committee.
[5] We also authorize the Civil Jury Instructions Committee's recommendation that the last paragraph of standard civil instruction 7.2 be revised to provide: "If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split or the reason for the communication."
[6] Unfortunately, Judge Shevin died before the work on this important report was completed by this Court. We do recognize his extraordinary dedication and service.